CASE 66—PETITION ORDINARY—JANUARY 18.

# Louisville, &c., Railway Co. v. Stephens, &c.

APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

| 96 | 401 |
| 108 | 673 |
| 96 | 401 |
| e113 | 886 |
| 96 | 401 |
| 123 | 297 |

1. VOID CONVEYANCE OF MARRIED WOMAN—ESTOPPEL.—A writing executed by husband and wife granting to a railroad company a strip of the wife's land for the construction of its road did not divest the wife of title, the writing not being acknowledged or recorded. Nor does the writing estop the wife from asserting any right, even though she may by signing it have induced the company to build its road along the route taken rather than along some other route, there being no fraud, by which alone a married woman can be estopped from asserting title to her lands.

2. SAME—ACQUIESCENCE IN BUILDING OF RAILROAD ON ONE'S LAND.— As the wife stood by and acquiesced in the building of the road upon her land, she can not require the company to tear up its track and quit the occupancy of the premises, but she is entitled to recover damages.

3. A DEDICATION OF REAL ESTATE TO A PUBLIC USE may be made by parol, but there is no such thing as a parol dedication of real estate to a private use. Therefore, as a railroad corporation, while it serves a public purpose, is a private institution, it can not acquire property by dedication.

HELM & BRUCE FOR APPELLANT.

1. The court committed an error in arbitrarily discharging the jury and continuing the case to the next term.

Louisville, &c., Railway Co. v. Stephens, &c.

2. The court erred in ruling out by demurrer and instructions the acts of the appellees relied upon by the railroad company as constituting an estoppel. These acts are sufficient to constitute an estoppel not only against a person *sui juris*, but against a married woman. (Connolly v. Branstler, 3 Bush, 702; Rusk v. Fenton, 14 Bush, 493; Heck v. Fisher, 78 Ky., 646; Craddock v. Tyler, 3 Bush, 360.)

3. A dedication of land to a public use can be made by parol. (Trustees of Dover v. Fox, 9 B. M., 200; Wickliffe v. Lexington, 11 B. M., 163; Campbell County Court v. Newport, 12 B. M., 539; Newport v. Taylor, 16 B. M., 807; McKinney v. Griggs, 5 Bush, 404; Beal v. Clore, 6 Bush, 680; Griffey v. Briers, 7 Bush, 472; Singleton v. School District, 10 Ky. Law Rep., 852; Holler v. Homey, 4 Ky. Law Rep., 988.)

And the dedication of land to a railroad company is a dedication to a public use within this rule. (Daniels v. Railroad Co., 35 Iowa, 130; Texas & New Orleans R. Co. v. Sutor, 56 Texas, 496; s. c, 11 Am. and Eng. Railroad Cases, 506.)

4. Even if an oral dedication would not be good there is no reason why the husband and wife could not, by writing, grant to the railroad company a mere easement over this land, leaving the fee in the wife. (Covington v. Freking, 8 Bush, 126.)

5. It was error to allow evidence as to damage to the property caused by the imprudent operation of the road.

FAIRLEIGH & STRAUS and JAMES W. LEWIS for appellees:

1. A *feme covert* can only dispose of her lands in this State in the manner pointed out by the statute. (Kennedy, &c., v. Ten Broeck, &c., 11 Bush, 241.)

2. There is no element of estoppel in the facts pleaded, even as against one *sui juris*. (Bigelow on Estoppel (3d ed.), 484; Brant v. Virginia Coal and Iron Co. et. al., 93 U. S., 327.)

A void contract can not operate as an estoppel. (Payne v. Vandever, 17 B. M., 20)

3. Standing by and allowing a railroad to be built without remonstrance by the land owner can not defeat his right to recover damages for the trespass. At most its only effect is to bar an action of ejectment to recover the land itself. (St. Julien v. Morgan, &c., R Co., 35 La. Ann., 924; Conger v. Burlington. &c., R. Co., 41 Iowa, 419.)

4. There can not be a dedication of a right of way to a railroad company. A dedication can only be made to a public use. It can not be made to a private corporation, although the corporation may carry on a public business (Todd v. Pittsburg, &c, R. Co., 19 Ohio St., 514)

The case of Texas, &c., R. Co. v. Sutor, 56 Texas, 496, explained.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

By a writing of April, 1886, the appellees, W. E. and Amanda S. Minor, in consideration of the benefits to be derived from the building of the appellant's road, undertook to release, grant and convey to the appellant a strip of ground sixty feet in width through the farm of the appellee, Amanda S., situated on the Ohio river, in Breckinridge county. The conditions of the grant were that the road should run between the dwelling-house and the river, and not be nearer than three hundred feet from it. This deed of conveyance was signed by the appellees, who are husband and wife, and attested by two witnesses, but was not acknowledged before any officer or attempted to be put of record. The title of this land was then held under the following provision of the will of Daniel J. Stephens, the father of Amanda: "I will and devise the same to my son, James G. Stephens, in trust for the use and benefit of my said daughter, Amanda, her heirs, &c., forever, to be held by the said trustee for the sole, separate and exclusive use of my said daughter, free from the debts and other liabilities, control or disposition of any husband she may hereafter have. The said trustee is to permit the said Amanda to occupy or lease said land as she may think proper, and she is to direct and control the use and enjoyment of said land; the rents and profits of said land to be held as the land is held— for the separate use and benefit of said Amanda. The said James G. Stephens is to incur no responsibility, nor be in any wise liable on account of his trusteeship aforesaid, as it is my desire that my daughter

shall have the beneficial use of the land aforesaid devised in trust, and the control thereof for her own use as aforesaid."

Shortly after the execution of the writing named, the appellant entered on the land and built the road as required by it, between the dwelling-house and the river, but within about one hundred feet of the former.

This action was thereupon brought by Stephens, trustee, the Minors uniting, for damages by reason of the construction of the road. Upon the trial, the sole question submitted to the jury was how much, if any, was the market value of the farm reduced because of that construction? The appellees recovered the sum of ten thousand dollars. The appellant insists, on this appeal, that the appellees were entitled to recover nothing. First, because the acts of the Minors in executing the writing and consenting or acquescing in having the road built nearer than three hundred feet to the house, as is alleged they did do, constituted an estoppel; and second, because their acts constituted a dedication to the railroad company of the right of way. That while the title did not pass, yet an easement was acquired.

As to the first question, we are aware of no case in which it has been held that a married woman is estopped from asserting title to her lands except on the ground of fraud. She can be divested of her interest only in the mode pointed out by the statute. She is supposed to be under the dominion of the husband and incapable of contracting. When executing conveyances, she must acknowledge them sep-

arate and apart from the husband. In any point of view the writing, or so-called deed of conveyance, in this case must be regarded as ineffectual for any purpose. It not only does not divest her of title, but it is not binding on her for any purpose, and it would be singular if a void contract or writing could work an estoppel.

The case is to be determined as if she never signed the instrument. We may.conclude that she stood by and, without objection, acquiesced in the subjection of the land to the uses of the road, and for obvious reasons she can not require the company to tear up its track and quit the occupancy of the premises. This she is not asking. She is not charged with the perpetration of any fraud or misrepresentation. If she has attempted to convey her lands and failed to do so in the manner required by the statute, it is as if she had not made the attempt.

If, by reason of her signing this writing, the company was induced to build its road along the route taken rather than along some other route, as is alleged and as is probable, still no fraud is chargeable to the wife, or concealment of any fact.

She has not legally parted with any right, and is not estopped in the assertion of any by her void contract, or by her conduct. Kennedy v. Ten Broeck, 11 Bush, 241 ; Bigelow on Estoppel (3d ed.), 484.

The second question is thus disposed of by the Superior Court in a well considered opinion : "A dedication of real estate to a public use may be made by parol ; but there is no such thing as a parol dedication of real estate to a private use. A railroad

corporation is not a public institution. It is true that it serves a public purpose, and for that reason the law has conferred upon it the right to condemn land for its use, and makes it, in many particulars, subject to the control of the courts, but it is neverthless a private institution created and operated for the purpose of private gain.''

This position is supported by the case of Todd v. Pittsburg, &c., R'y Co., 19 Ohio St., 514, where, in speaking of this subject, the court said: ''Its road, its rights of way, its depots, its offices, its rolling stock, &c., are all, not public, but private property. They are owned by the defendant. But among the various methods by which private property may be acquired, dedication is not one. The statute provides that railroad companies may acquire sites for depots, &c., by donation, by purchase or by appropriation. In the case of a donation or purchase, a formal conveyance is necessary to pass title. * But no provision is made for acquisition by dedication. It is but a fallacy to suppose that there is a dedication in the case merely because the defendant, for its own gain, has assumed toward the public the relation of a common carrier.''

The fact that the legal title to the land in controversy was not in the Minors, makes still less probable the company's contention that the writing vested it with any title to or right of way over the disputed premises.

Judgment affirmed.