BENTLEY, EXECUTOR, ET AL. *v.* GOODWIN ET AL.

[No. 2,840.   Filed May 28, 1901.]

HUSBAND AND WIFE.—*Lands Acquired by Wife by Gift.—Mortgages.
—Act of 1879.*—Under the provisions of the act of 1879 (Acts 1879 s. s. p. 160) a mortgage executed by a married woman on real estate acquired by gift to secure a debt of her husband is absolutely void.

From the Clark Circuit Court.   *Affirmed in part, reversed in part.*

*M. Z. Stannard* and *W. H. Watson,* for appellants.
*Jonas G. Howard,* for appellees.

ROBY, J.—The appellants brought suit upon a promissory note and for foreclosure of a mortgage securing it. The note was executed by appellee Calvin R. Goodwin and the mortgage by him and his wife, Elizabeth, on January 8, 1880.   Appellee Elizabeth answered setting up that she and her codefendant intermarried October 30, 1849, and were husband and wife at the time said mortgage was executed.   That she was then the owner and in possession of the real estate described in the mortgage and complaint by gift from her husband and still is the owner of the same, and that the note sued on was the debt of her husband.   She further set out the source of her title as follows:   That in 1861 said Calvin R. Goodwin purchased from one Pratt parts of lots 151 and 152 in the city of Jeffersonville; that afterward said Pratt died, without having conveyed the same; that said Calvin R. Goodwin was in possession of said real estate under said purchase and "bartered and swapped" the same to other parties for the lot described in the mortgage, part of lots 119 and 120 in said city; that the parties with whom such exchange was made conveyed the land described in the mortgage to said Elizabeth, and afterward received from the heirs of Pratt a deed for lots 151 and 152;

that before such lot was conveyed to her Calvin R. Goodwin made a gift of it to her, and caused said deed to be made in pursuance of said gift. The appellant replied to the answer by a general denial and by two further paragraphs setting up certain facts by way of estoppel. A demurrer to the answer was overruled, and demurrers to the replies sustained, all of which is assigned as error.

The statute applicable and in force at the time of the execution of these instruments was as follows: "A married woman shall not mortgage, or in any manner encumber her separate property acquired by descent, devise or gift, as a security for the debt or liability of her husband or any other person." 'Acts 1879, s. s. p. 160. Under this act property held by married women and acquired by gift could not be made liable for the debt of another by mortgage.

The disabilities of married women had not been abolished and the statute did not render such mortgage voidable as does the act now in force, but it absolutely prohibited her from making the same, and if the mortgage in question was executed in contravention of the inhibition of the statute it was void. *Levering* v. *Shockey,* 100 Ind. 558. If the mortgage was void no acts of appellee Elizabeth could give it effect. She could not be estopped so as to render it valid. *Levering* v. *Shockey, supra.*

The demurrers to the replies were properly sustained. Special findings of fact were made. They show the execution of the note as averred and that there was due thereon at the time of the trial $3,065.37. The first conclusion of law was that appellants should recover that amount from Calvin R. Goodwin. Judgment was rendered accordingly, the correctness of which is not disputed. The findings relative to the liability of Elizabeth Goodwin are largely evidentiary. The conclusion of law upon them stated by the court was against the validity of the mortgage, exonerating the real estate described from liability.

The disposition of the appeal and the case depends upon

whether Elizabeth Goodwin acquired the real estate in the mortgage described by gift. If she did, the debt being that of her husband, and she a married woman at the time the mortgage was executed, it was, under the statute, void. If it was not so acquired, then the mortgage was and is valid. It appears from the evidence that on September 24, 1860, Joseph R. Pratt executed his "bond for a deed" to Calvin R. Goodwin for part of lots 151 and 152 in the city of Jeffersonville in consideration of three $300 notes, which were afterward paid by him. It also appears that possession of said real estate was taken before the death of Pratt, which occurred before the lots now held by Elizabeth were purchased. Calvin R. Goodwin was the only witness who testified relative to the subject. His statement is that he paid $1,200 for the lots. That other parties "were building a big house on the corner" and did not have ground enough, and wanted to trade for lots 119 and 120, and proposed to give $50 difference. The lots were turned over and Mr. Pratt's heirs caused to make the deed to them. They deeded lots 119 and 120 to my wife "for the lot that I had given to her". He further testified: "And they offered me $50 to boot, and paid it to me, and I traded it to them, and had it deeded to my wife, who I had given it to before." These statements, the recitals of the deed and Mr. Goodwin's inability to remember the details of the transaction constitute the proof upon the question. Mr. Goodwin was not able to remember any of the details of the gift. He did not state any reason why he wished his wife to own lots 119 and 120. It was evidently his purpose that she should own real estate, but, for anything that appears, the lots purchased from Pratt were as well adapted to his purpose as the others. Appellees' counsel earnestly insists that the witness did not mean what he said. The conclusive presumption is that he did mean what he said.

The evidence required the finding that Mrs. Goodwin acquired the real estate in the complaint described by pur-

chase and not by gift.  *Frazer* v. *Clifford,* 94 Ind. 482.  The authority cited covers the case.  The finding made is that she acquired the property by gift.  This is the ultimate fact in issue.  *McCarty* v. *Tarr,* 83 Ind. 444.  It follows that the appellant's motion for a new trial should have been sustained.

The judgment as to Calvin R. Goodwin is affirmed.  As to Elizabeth Goodwin it is reversed, and the case is remanded, with instructions to sustain appellant's motion for a new trial as to her and for further proceedings.