IRA COUCH, *Plaintiff in Error,* v. JENNIE D. PALMER, *Defendant in Error.*

MARRIED WOMAN'S LAW—WARRANTY BY MARRIED WOMAN—EFFECT OF.

Section 2472, General Statutes of Florida of 1906 is in effect an express legislative declaration that a married woman may covenant in a deed executed by herself and husband against encumbrances and for warranty of title, but that such covenants shall not bind or obligate her personally, but should operate only as an estoppel against her and all persons claiming by or through her. This statute applies as well to warranties contained in deeds by the wife conveying her separate property.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Frazier & Mabry,* for Plaintiff in Error;

*F. M. Simonton,* for Defendant in Error.

TAYLOR, J.—The plaintiff in errors as plaintiff below sued the defendant in error as defendant below in the Circuit Court of Hillsborough County in an action of covenant.   The defendant demurred to the plaintiff's declaration on the ground that said declaration shows on its face that the defendant was a married woman at the time of the execution of the deed containing the covenant sued on and under coverture of her then living husband Frank H. Palmer and that she could not be held personally liable at law upon such covenant.

This demurrer was sustained, and final judgment on the demurrer was entered in favor of the defendant, to review which the case is brought here by the plaintiff by writ of error.

The declaration shows that on April, 1st, 1904, the defendant being then a married woman and owning as her separate property a certain lot of land in the city of Tampa, joined with her then living husband in a deed of conveyance of said land to the plaintiff, which deed contained a covenant of warranty against encumbrances on said property.   That since the execution of such deed her husband had died leaving her at the time of the in-

stitution of the suit a *femme sole*. That there had been a breach of said covenant against encumbrances in that at the time of the execution of such deed there existed against the property conveyed thereby a lien in favor of the City of Tampa for paving assessments, which the plaintiff had been compelled to pay, and that he had demanded the same of the defendant but that she refused to pay the same.

The sole question presented is, can a married woman under the laws of this State personally obligate or bind herself by covenants of warranty in a deed executed jointly by herself and husband conveying her separate real estate?

This question is fully answered by the provisions of section 2472 of our General Statutes of 1906, the same having been section 1966 of the Revised Statutes of 1892, as follows:

"A married woman who joins with her husband in executing a conveyance or mortgage of real property, or of any estate therein, may enter into any covenants as to the title or against encumbrances or of warranty, but such covenants shall have no other effect than to estop her and all persons claiming as her heirs, or by or through her, in the same manner as if she were not married."

The plaintiff contends here that this section affects only conveyances of the husband's property that are joined in by the wife, and that it has nothing to do with conveyances by the wife of property that she owns separately from her husband. We cannot sustain this contention.

The quoted provision of our statute does not sanction the distinction contended for, but is as broad, general and comprehensive in its terms as language can

make it, and it declares in unmistakable terms that the covenants of a married woman against encumbrances contained in a deed of conveyance of real property, *or of any estate therein,* executed jointly by husband and wife, shall have no other effect than to estop her and all persons claiming as her heirs, or by or through her. This is an express legislative declaration that a married woman may covenant in a deed executed by herself and husband against encumbrances and for warranty of title, but that such covenants shall not bind or obligate her personally, but should operate only as an estoppel against her and all persons claiming by or through her.

It follows that the Circuit Court did not err in sustaining the defendant's demurrer to the plaintiff's declaration, or in the rendition of the final judgment thereon.

The judgment of the Circuit Court in said cause is hereby affirmed at the cost of the plaintiff in error.

All concur, except PARKHILL, J., absent on account of illness.