E. F. JOHNSON AND C. T. CROSS, PARTNERS AS CROSS & JOHNSON, *Appellants,* v. EFFIE McLEAN ELLIOTT, AS ADMINISTRATRIX, ETC., OF THE ESTATE OF HENRY ELLIOTT, DECEASED, *Appellee.*

1. Where the facts of the particular case warrant it, the doctrine of estoppel may be applied to married women with reference to conveyances of their separate property.

2. Where there is ample evidence to warrant the chancellor in applying the doctrine of equitable estoppel, the decree will be affirmed, no errors of law appearing.

Appealed from the Circuit Court for Santa Rosa County.

The facts in the case are stated in the opinion of the court.

*T. F. West* and *J. W. Kehoe,* for Appellants;

*F. B. Carter, H. S. Laird,* and *R. A. McGeachey,* for Appellee.

WHITFIELD, C. J.—It appears that on October 1st, 1860, certain lands were patented by the United States to James Becknall; that on October 15th, 1903, A. A. Fleming as sole heir of Jane Becknall, who was said to have been the wife and sole heir of James Becknall, conveyed the land to Mary Hardy; that on June 5th, 1905, a conveyance of the land in the name of Mary Hardy and her husband was made to C. R. Gay, J. A. Gay and F. S. Gay, partners as F. S. Gay & Bros.; That on August 26th, 1905, F. S. Gay, J. A. Gay and C. R. Gay, and their wives conveyed to E. F. Johnson and F. S. Gay, partners as Gay and Johnson; that on February 6th, 1906, E. F. Johnson and his wife conveyed his undivided half interest in the land to F. S. Gay; that on October 8th, 1908, F. S. Gay and wife conveyed the land to Henry Elliott; that on November 29th, 1905, Mary Hardy secured a conveyance of the land from James Becknall, said to be still living; that on January 2nd, 1909, Mary Hardy and her husband leased the land for turpentine purposes for three years to "Cross & Johnson;" that at the suit of Henry Elliott, E. F. Johnson and C. T. Cross, partners as "Cross & Johnson" were enjoined from using the lands for turpentine purposes under the lease from Mary Hardy and her husband and the lease was ordered cancelled. The defendants appealed.

As both parties claim under Mary Hardy, the title prior to her need not be considered. There is evidence that Mary Hardy agreed to sell the land to Gay and acquiesced in the conveyance made in her name to F. S. Gay & Bros., and that she used at least a portion of the

purchase money; and there is evidence that "Cross and Johnson" took their lease with knowledge of the previous conveyance in the name of Mary Hardy. Johnson had been a grantee and a grantor of the title purporting to have passed from Mary Hardy by the previous conveyance made in her name in which her husband joined, and the knowledge of Johnson is imputed to his partner Cross in taking the subsequent lease of the land from Mary Hardy and her husband to the lessees in their partnership name.

The evidence is sufficient to warrant the trial court in finding that Mary Hardy was in law estopped from claiming or conveying against the conveyance made in her name to Gay Bros., through whom appellee claims, and that appellants had such knowledge of the facts affecting appellee's rights as to estop them from claiming adversely to the appellee under their subsequent lease from Mary Hardy.

Where the facts of the particular case warrant it, the doctrine of estoppel may be applied to married women with reference to conveyances of their separate property. See Warner v. Watson, 35 Fla. 402, 17 South. Rep. 654; Couch v. Palmer, 57 Fla. 57, 48 South. Rep. 995; Sec. 2472, Gen. Stats. of 1906.

This doctrine does not conflict with the provisions of the constitution and the statutes relative to the property of married women. See McNeil v. Williams, 64 Fla. —, 59 South. Rep. 562, as to personal property.

There is evidence that in 1905, Mary Hardy and her husband duly executed a conveyance of the land to F. S. Gay and that as the intended grantees desired the conveyance made to F. S. Gay and Bros., the deed that had been duly executed by Mary Hardy and her husband

to F. S. Gay was not accepted, but another deed to F. S. Gay and Bros., was executed by the son of Mary Hardy for her and by the husband of which Mary Hardy was fully informed. There is also evidence that the consideration for the conveyance was received by the husband and that the wife used at least a portion of it. It does not appear that Mary Hardy, or any one for her, objected to the use or conveyance of the land by the grantees. Several conveyances of the land were made by those claiming under the conveyance made in the name of Mary Hardy.

The court was fully warranted in finding from the evidence that Mary Hardy and Cross & Johnson, her lessees are estopped from claiming against the appellee who claims title under Mary Hardy through a conveyance made in her name of which she had notice and in which she acquiesced.

The decree is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.