FIRST NATIONAL BANK OF BELMAR, APPELLANT, v. KATE SHUMARD, RESPONDENT.

Submitted March 21, 1918—Decided June 6, 1918.

A married woman is incapable of becoming an accommodation en-dorser, and she is not estopped from setting up coverture as a defence by her representation, made at the time of such endorsement, that she was then a widow.

On appeal from the First District Court of Monmouth county.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the appellant, *Charles E. Cook.*

For the respondent, *J. Clarence Conover.*

The opinion of the court was delivered by

SWAYZE, J.   The bank sues to enforce the defendant's liability as an accommodation endorser of a promissory note, dated August 2d, 1916.   The defendant had done business, executed papers, and been generally known as Kate Shumard. Shumard was the name of her first husband.   After his death she married Carr, but continued to do business as before, including business with the plaintiff bank.   It does not appear that the bank knew that she was a married woman. On March 14th, 1916, Carr obtained a decree *nisi* for a divorce, which was made absolute on September 15th, 1916. The decree *nisi* did not dissolve the marriage and the defendant was a married woman when she endorsed the note.   The only question is whether she is estopped by her representation that she was a widow.   The authorities settle the case in her favor on solid grounds.   *Cannam* v. *Farmer, 3 Exch.* 698, a case where the defendant signed the note "Ann Farmer, widow;" *Liverpool Adelphi Loan Association* v. *Fairhurst and Wife, 9 Id.* 422; *Wright* v. *Leonard, 11 C. B. N.*

*S.* 258. In the first case cited, Baron Parke said: "The defendant's incapacity to contract, by reason of her coverture, was not removed by her representation. It is not an estoppel in any way." In the second case, where the action was based on fraud, Chief Baron Pollock said: "She is undoubtedly responsible for all torts committed by her during coverture, and the husband must be joined as a defendant. They are liable, therefore, for frauds committed by her on any person, as for any other personal wrongs. But when the fraud is directly connected with the contract with the wife, and is the means of effecting it, and parcel of the same transaction, the wife cannot be responsible, and the husband be sued for it together with the wife. If this were allowed, it is obvious that the wife would lose the protection which the law gives here against contracts made by her during coverture; for there is not a contract of any kind which a *feme covert* could make, whilst she knew her husband to be alive, that could not be treated as a fraud. For every such contract would involve in itself a fraudulent representation of her capacity to sue." And he cites the old case of *Cooper* v. *Witham,* 2 *Lev.* 247. In Wright *v.* Leonard the judges were equally divided as to whether there was a contract, but unanimous in thinking that if there was, the wife could not be held for fraud. The case of a married woman is like the case of an infant, except so far as her incapacity has been removed. It has not been removed so as to enable her to become an accommodation endorser, and to that extent she is incapable as an infant is incapable, although liable for her torts. Cases of infancy are therefore in point. As to them our law is settled. *Parker* v. *Hayes,* 39 *N. J. Eq.* 469; 41 *Id.* 630. Although the Court of Errors and Appeals in that case reversed the decree advised by the Vice Chancellor, it approved the legal principle stated by him, saying: "It is, of course, true that at law the execution of this paper by a minor is voidable. Nor would his assertion, made at the time of its execution, that he was of age, operate to change his position in a court of law. The fact that the infant had, by his false representations, led the other contracting party to negotiate and execute

the contract, and injuriously change his position even, would, in an action by an adult to enforce it, be no answer to the plea of infancy."

These authorities suffice to show that the defendant cannot be held personally at law in any form of action. What rights there may be, if any, against her by reason of anything she may have received by means of the endorsement is a question not now before us.

Let the judgment be affirmed, with costs.