MARY WILKINS AND MITCHELL WILKINS, HER HUSBAND,
W. C. PRICE AND H. L. GRACE, *Appellants,* v. MRS. C.
LEWIS, A WIDOW, *Appellee.*

Opinion Filed July 1, 1919.

1. Married women can legally contract and convey property
only as provided by law and void contracts and conveyances
of married women cannot be given effect by the doctrine
of estoppel in the absence of a statute permitting it.

2. The acts and conduct of a married woman in matters where
she is legally competent to act, or where she acts in the man-
ner required by law, may operate as an estopped *in pais* as
to her

3. Estoppel does not operate to give legal capacity or compe-
tency to a married woman or to dispense with the require-
ments of law relative to the conveyance or mortgage by a
married woman of her interests in real estate.

4. A married woman cannot give herself a legal capacity to
contract by falsely representing that she has such capacity.

5. The statutory provisions requiring a mortgage of a married
woman's real property to be executed by the joining of the
husband therein, and that the married woman shall acknowl-
edge "before some officer authorized to take acknowledgment
of deeds, separately and apart from her husband, that she
executed the same freely and voluntarily and without com-
pulsion, constraint, apprehension or fear of or from her hus-
band, and the officer's certificate shall set forth all the fore-
going requirements" are mandatory, and unless observed
mortgages of the real property of married women are invalid.

6 A married woman who alone executes a mortgage on her real
property in the name she bore as a widow before her mar-
riage is not by such execution estopped to show that she
was in fact a married woman when she executed the mortgage.

7  A mortgage executed only by Mary W., a married woman, in the name of "Mary R., a widow," which name she bôre before her marriage, is void, since under the statute a mortgage of a married woman's real property must be joined in .by the husband, and the execution of the mortgage by the wife must be duly acknowledged separate and apart from her husband.

An Appeal from the Court of Record for Escambia County; C. M. Jones, Judge.

Decree reversed.

*John P. Stokes,* for Appellants;

*Watson & Pasco* and *C. J. Brown,* for Appellee.

WHITFIELD, J.—Appellee brought suit to enforce the lien of a mortgage executed by Mary Richardson, a widow, to secure the payment of her note for $725.00 and interest, it in effect being alleged that when the note and mortgage were executed the mortgagor represented herself as being Mary Richardson, a widow, though she now claims to have then been Mary Wilkins, a married woman; that the assignee of the note and mortgage had no notice or knowledge that the mortgagor was other than as she represented herself to be in the note and mortgage, and relying on such representations the assignee of the note and mortgage purchased the same for value before the maturity of the note; that subsequent assignees of the note and mortgage took the same for full value, without notice that the mortgagor was a married woman, and relied on the representations contained in the note and mortgage that the maker was Mary Richardson, a widow; that the mortgagor paid interest on the note till long after the

present assignee and holder of the note and mortgage purchased the same for the sum of $725.00; that the mortgagor "executed and delivered the said note and mortgage as Mary Richardson, a widow, knowing at the time she executed the same that she was not a widow by the name of Mary Richardson, but that she was the wife of the defendant, Mitchel Wilkins, that she thereby made a misrepresentation' of a material fact, with knowledge of its falsity, and thereby committed a fraud on the rights of persons who might be induced to purchase the said note and mortgage in reliance on her said representations as therein contained, and your complainant alleges that not knowing of the falsity of the said representations aforesaid at the time of the purchase of the said note and mortgage, but believing them to be true, she did rely thereon."

A plea was filed averring "that at the time of the execution and delivery of the note and mortgage sued upon in this case, and at all times thereafter up to and including the time of the filing of this plea, the defendant, Mary Wilkins, was lawfully married to Mitchel Wilkins, with whom she lived and cohabited as husband and wife, and who was at the time of the execution and delivery of the note and mortgage and all times thereafter living, and not divorced from the defendant, Mary Wilkins; that, at the time of the execution and delivery of the note and mortgage sued upon and at all times thereafter, the property described in the bill of complaint was, and is, the separate statutory property of this defendant, having been owned by her before her marriage to the said Mitchel Wilkins; that, this defendant's lawful husband, Mitchel Wilkins, did not join said defendant in the execution and delivery of the note and mortgage

sued upon; that, said note and mortgage was given by
the defendant, Mary Wilkins, to evidence and secure
the payment of the loan of $90.00 made to the defendant,
Mary Wilkins, by one Teno Lucas, for the purpose of pay-
ing a certain fine which had been assessed against the
said Mary Wilkins in the Court of Record of Escam-
bia County, Florida, consequent upon her conviction of a
certain misdemeanor; that, said note and mortgage were
not given to evidence or secure the payment of purchase
money for any real or personal property owned or ac-
quired by defendant, Mary Wilkins, or for money or
things due upon any agreement made by her in writing
for the benefit of her separate property, or for the price
of any property purchased by her, or for labor and ma-
terial used with her knowledge or assent in the construc-
tion of buildings, or repairs, or improvements upon her
property, or for agricultural or other labor bestowed
thereon, with her knowledge and consent."

This plea having been set down for argument as to its
sufficiency, the court made an order that "this cause
coming on to be heard upon the amended bill of com-
plaint of the complainant herein filed, and the plea of
the defendant, Mary Wilkins, thereto, upon the suf-
ficiency of said plea to the said amended bill, and the
court having heard the argument of counsel for the re-
spective parties, and being advised of its opinion in the
premises; it is ordered and adjudged that the said de-
fendant, Mary Wilkins, be and she is hereby decreed
to be estopped from setting up the matters and things
in said plea contained as a defense, either in whole or
in part, to the said amended bill of complaint, and that
the said plea be and the same is hereby adjudged and

decreed to be insufficient in law as a defense to the said
amended bill of complaint, and the same be and it is here-
by adjudged and decreed to be overruled for such in-
sufficiency."

Defendants appealed.

It is argued that by the execution of the mortgage
as Mary Richardson, widow, the mortgagor is estopped
from defending against the enforcement of the mortgage
though she was in fact Mary Wilkins, a married woman,
when the note and mortgage were executed, since the
holder of the mortgage is an innocent purchaser for value
who took the note and mortgage on the faith of their
execution by the mortgagor as a widow, and not as a
married woman. But this contention ignores the prin-
ciple of law that married women can legally contract
and convey property only as provided by law and that
void contracts and conveyances of married women can-
not be given effect by the doctrine of estoppel in the ab-
sence of a statute permitting it. Levering v. Shockey, 100
Ind. 558; Glidden v. Strupler, 52 Pa. St. 400; Bentley v.
Goodwin, 26 Ind. App. 689, 60 N. E. Rep. 735; Smith v.
Ingram, 130 N. C. 100, 44 S. E. Rep. 984, 61 L. R. A. 878;
First Nat. Bank of Belmar v. Shumard,     N. J.    , 103
Atl. Rep. 1001.

The acts and conduct of a married woman in matters
where she is legally competent to act, or where she acts
in the manner required by law, may operate as an estoppel
in pais as to her. See Warner v. Watson, 35 Fla. 402,
17 South. Rep. 654; Couch v. Palmer, 57 Fla. 57, 48
South. Rep. 995; Johnson v. Elliott, 64 Fla. 318, 59 South.
Rep. 944; 13 R. C. L. 1348, sec. 388. But estoppel does

not operate to give legal capacity or competency to a married woman or to dispense with the requirements of law relative to the conveyance or mortgage by a married woman of her interests in real estate. See Threefoot v. Hillman, 130 Ala. 244, 30 South. Rep. 513; Gibson v. Clark, 132 Ala. 370, 31 South. Rep. 472; Bank of America v. Banks, 101 U. S. 240; R. C. L. 1326; 10 R. C. L. 739, 743; Vansandt v. Weir, 109 Ala. 104, 19 South. Rep. 424. A married woman cannot give herself a legal capacity to contract by falsely representing that she has such capacity. Wilson Sewing Machine Co. v. Fuller, 60 How. Pr. (N. Y.) 480. As to the liability of a married woman for a tort committed in connection with a contract she cannot legally make, see Prentiss v. Paisley, 25 Fla. 927, 7 South. Rep. 56.

"Any married woman owning real property may sell, convey or mortgage it as she might do if she were not married, provided her husband join in such sale, conveyance or mortgage."

"To render such sale, conveyance, mortgage or relinquishment, whether of separate estate or of dower, effectual to pass a married woman's estate or right, she must acknowledge, before some officer authorized to take acknowledgment of deeds, separately and apart from her husband, that she executed the same freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her husband, and the officer's certificate shall set forth all the foregoing requirements." Secs. 2460, 2462, Gen. Stats. 1906, Compiled Laws, 1914. This statute is mandatory, and unless observed conveyances and mortgages of the property of married women are invalid. See Staley v. Hamilton, 19 Fla. 275; Equitable Building & Loan Ass'n v. King, 48 Fla. 252, 37 South.

Rep. 181; Walling v. Christian & Craft Grocery Co., 41 Fla. 479, 27 South. Rep. 46; Durham v. Stephenson, 41 Fla. 112, 25 South. Rep. 284.

As the mortgagor was in fact Mary Wilkins, a married woman, and not Mary Richardson, a widow, when she executed the note and mortgage, and as the mortgage was not executed as the statute specifically requires for a mortgage of a married woman's real estate, the mortgage is void and is not binding on her; and she is not estopped by the execution of the mortgage not executed as required by the statute, even though the mortgagee or his assignees were misled as to the mortgagor's capacity to mortgage her property, by the manner in which the mortgage was executed. Daniel v. Mason, 90 Tex. 240, 38 S. W. Rep. 161, 59 Am. St. Rep. 815; Lowell v. Daniels, 2 Gray (Mass.) 161, 61 Am. Dec. 448; Cook v. Walling, 117 Ind. 9, 19 N. E. Rep. 532, 10 Am. St. Rep. 17. The plea should have been sustained.

The mortgagor is not a free dealer under the statute; nor is this a proceeding to subject the property of a married woman for the obligations stated in Article XI of the Constitution.

The decree is reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.