ALBERT PHILLIPS, *Plaintiff in Error*, v. VIOLA LOWENSTEIN, A WIDOW, HELEN L. BENEDICT, JOINED BY HER HUSBAND L. K. BENEDICT, MARTHA L. DOWLING, JOINED BY HER HUSBAND C. E. DOWLING, GUS LOWENSTEIN, ALBERT LOWENSTEIN, GERTRUDE L. BROWN, JOINED BY HER HUSBAND, A. E. BROWN, AND MAX LOWENSTEIN AND ROBERT LOWENSTEIN, MINORS, BY THEIR NEXT FRIEND, VIOLA LOWENSTEIN, *Defendants in Error.*

Division B.

Opinion Filed January 23, 1926.

Petition for Rehearing denied March 3, 1926.

*Johnson & McIlvaine,* for Plaintiff in Error;

*Alexander & Martin* and *George C. Bedell,* for Defendants in Error.

WHITFIELD, P. J.—Viola Lowenstein, a widow, and others brought against Albert Phillips an action of ejectment in the Circuit Court for Duval County to recover "Lots 2, 4 and 6, in Block 1 of Jane H. Trasher's subdivision of

south half of southwest quarter of southwest quarter of section 16, township 12, south range 26 east as per plat Book 2, page 20, of the public records of said county; and also the land described as beginning at a point in the south line of said southwest quarter of southwest quarter of section 16 in Township 2 South, range 26 east, 1065 feet west from the southeast corner of said 'forty,' and running thence westerly along said line 157½ feet, thence northerly at right angles 415 feet, thence easterly at right angles 157½ feet, thence southerly 415 feet to place of beginning, containing 1½ acres of land more or less.'' The defendant pleaded not guilty, which plea put in issue the title to the lands, and admitted possession by the defendant. Sec. 3236, Rev. Gen. Stats.; Petty v. Mays, 19 Fla. 652; Buesing v. Forbes, 33 Fla. 495, 15 South. Rep. 209; Walters v. Sheffield, 75 Fla. 505, text 513, 78 South. Rep. 539.

A jury was waived and the cause was tried by the court. By stipulation ''it is admitted that the property involved herein was at all times between November 27th, 1897, to and including November 7th, 1898, the separate property of Jane H. Trasher, a married woman, the wife of William R. Trasher, and that she was a Feme Covert and not a free dealer, and that Jennie H. Trasher, alleged attorney in fact for William R. Trasher, was his daughter.''

The duly recorded muniments of title to the property in controversy were destroyed in the great fire which occurred in the city of Jacksonville, Florida, May 3, 1901; and by virtue of the provisions of Chapter 4951 Acts of 1901, Secs. 2729 *et seq.* Revised General Statutes, an abstract of title made in the ordinary course of business prior to such destruction, was used in the trial of the cause.

It appears by answers to interrogatories propounded under the statute, sections 2734, 2735, 3237, Revised General Statutes, that plaintiffs claim through ''(c) warranty

deed from Jane H. Trasher and William Trasher her husband, by Jennie H. Trasher, his attorney in fact, to Elizabeth Silcox, dated November 7, 1898, and recorded November 16, 1898, in Book 114, page 718, conveying the land situate, lying and being in the County of Duval and State of Florida, described as Lots 2, 4 and 6, Block 1 of a subdivision of S½ of SW¼ of SW¼ of section 16; in Township 2 South, Range 26 East. Also 1½ acres beginning 1965 feet west from SE corner of said S½ of SW¼ of said section 16, township 2 South Range 26 East; thence West 157½ feet (one hundred and fifty-seven ½) thence north 415 feet, thence east 157½ feet, thence south 415 feet to beginning. All in South ½ of SW¼ of SW¼ of Section 16, township 2 South, Range 26 East.

"(d) Power of attorney from William R. Trasher to Jennie H. Trasher, his daughter, dated March 3, 1897, recorded March 19th, 1897, in book 107, page 70 giving power to make and execute receipts, releases, assignments, conveyances, mortgages or deeds of trust, contracts for sale of real estate, and all acts necessary for such sales as to property owned in Florida, by first party," and that the defendant claims through "(oo) Power of Attorney from William R. Trasher to Jennie H. Trasher his daughter, dated March 3, 1897, recorded March 19, 1897, in Book 107, page 70, giving power to make and execute receipts, releases, assignments, conveyances, mortgages or deeds of trust, contracts for sale of real estate, and all acts necessary for such sales as to property owned in Florida by first party;"

"(P) Warranty deed from William R. Trasher by Jennie H. Trasher his attorney in fact, and Mrs. J. H. Trasher to Morris Cohen, dated September 13th, 1899, and recorded September 18th, 1899, in book 119, page 465, covering the south half of the southwest quarter of the southwest quar-

ter of section 16, south, range 26 east, township 2, being lot 10, in block 1, bounded on the south by Benjamin Park.

"(Q) Warranty deed from Morris Cohen and wife to A. Phillips dated April 22nd, 1921, and recorded April 22nd, 1921, in deed book 210, page 461, covering the south half of the southwest quarter of the southwest quarter of section 16, township 2 south, range 26 east, containing twenty acres more or less."

The court rendered judgment for the defendant and subsequently granted a new trial. A writ of error was taken by the defendant pursuant to the statute. Sec. 2905 Rev. Gen. Stats.; McLendon v. Lurton-Hardaker Co., 83 Fla. 263, 91 South. Rep. 113; Ruff v. Georgia, S. & F. R. Co., 67 South Fla. 224, 64 South. Rep. 782.

The constitution provides that "All property, real and personal, of a wife owned by her before marriage, or lawfully acquired afterwards by gift, devise, bequest, descent or purchase shall be her separate property." Sec. 1, Art. XI. The statute provides that "Any married woman owning real property may sell, convey or mortgage it as she might do if she were not married, provided her husband join in such sale conveyance or mortgage." Sec. 3801 Rev. Gen. Stats. See also Sec. 3803 Rev. Gen. Stats.

Where the evidence is conflicting or is not convincing or clearly preponderant in favor of the finding made, or where no abuse or error in applying principles of law appears in the order granting a new trial, the appellate court will generally not reverse the order of the trial court. Carney v. Stringfellow, 73 Fla. 700, 74 South. Rep. 866; Chetney v. Roberts, 77 Fla. 324, 81 South. Rep. 475; Dunnellon Phosphate Co. v. Crystal River Lumber Co. 63 Fla. 131, 58 South. Rep. 786; Gulf Refining Co. v. Howard, 82 Fla. 27, 89 South. Rep. 349.

Where some settled principle of law is violated by the

trial court in granting a new trial, or where in law the evidence requires the finding to be as made, and a judgment on the finding would be in accord with law and requirements of substantial justice in the cause, the appellate court will reverse an order of the lower court granting a new trial, when the matter is appropriately presented. Bishop v. Taylor, 41 Fla. 77, 25 South. Rep. 287; Philadelphia Underwriters' Ins. Co. of North America v. Bigelow, 48 Fla. 105, 37 South. Rep. 210; Winn v. Coggins, 53 Fla. 327, 42 South. Rep. 897; Feinberg v. Stearns, 56 Fla. 279, 47 South. Rep. 797; Georgia Southern & F. R. Co. v. Hamilton Lumber Co., 63 Fla. 150, 58 South. Rep. 838; Lathan v. Thomas, 63 Fla. 235, 58 South. Rep. 247, Ann. Cas. 1914A 987; Cotton State Belting & Supply Co. v. Florida R. Co., 69 Fla. 52, 67 South. Rep. 568; Jackson Bros. Lumber Co. v. Yaeger & McCaskill, 80 Fla. 611, 86 South. Rep. 500.

In an action of ejectment the plaintiff must recover on the strength of his own title and not on the weakness of the title of the defendant. The plaintiff cannot recover even as against one without title unless he shows title or prior possession.

To recover possession of land in an action of ejectment against one in actual possession, the plaintiff should show title in himself and a right to the possession, or that he had been in actual *bnoa fide* possession of the land and was ousted by the defendant. Skinner Mfg. Co. v. Wright, 56 Fla. 561, 47 South. Rep. 931; Bunch v. High Springs Bank, 81 Fla. 450, 89 South. Rep. 121; Clark 1. Cochran, 79 Fla. 788, 85 South. Rep. 250; Hartley v. Ferrell, 9 Fla. 374.

Married women can legally contract and convey property only as provided by law, and void contracts and conveyances of married women cannot be given effect by the doctrine of estoppel in the absence of a statute permitting

it. Levering v. Shockey, 100 Ind. 558; Glidden v. Strupler, 52 Pa. St. 400; Bentley v. Goodwin, 26 Ind. App. 689, 60 N. E. Rep. 735; Smith v. Ingram, 130 N. C. 100, 44 S. E. Rep. 984, 61 L. R. A. 878; First Nat. Bank of Belmar v. Shumard, N. J. —, 103 Atl. Rep. 1001.

The acts and conduct of a married woman in matters where she is legally competent to act, or where she acts in the manner required by law, may operate as an estoppel *in pais* as to her. See Warner v. Watson, 35 Fla. 402, 17 South. Rep. 654; Couch v. Palmer, 57 Fla. 57, 48 South. Rep. 995; Johnson v. Elliott, 64 Fla. 318, 59 South. Rep. 944; 13 R. C. L. 1348, Sec. 388. But estoppel does not operate to give legal capacity or competency to a married woman, or to dispense with the requirements of law relative to the conveyance or mortgage by a married woman of her interests in real estate. See Threefoot ve Hillman, 130 Ala. 244, 30 South. Rep. 513; Gibson v. Clark, 132 Ala. 370, 31 South. Rep. 472; Bank of America v. Banks, 101 U. S. 240; R. C. L. 1326; 10 R. C. L. 739, 743; Vansandt v. Weir, 109 Ala. 104, 19 South. Rep. 424. The statute is mandatory, and unless observed conveyances and mortgages of the property of married women are invalid. See Stanley v. Hamilton, 19 Fla. 275; Equitable Building & Loan Ass'n v. King, 48 Fla. 252, 37 South. Rep. 181; Walling v. Christian & Craft Grocery Co., 41 Fla. 479, 27 South. Rep. 46; Durham v. Stephenson, 41 Fla. 112, 25 South. Rep. 284, Wilkins v. Lewis, 78 Fla. 78, 82 South. Rep. 762; Carn v. Haisley, 22 Fla. 317.

A void deed cannot work an estoppel. Bryan v. Dennis, 4 Fla. 445; 10 R. C. L. 675, 739; 21 C. J. 1100; 16 Cyc. 706; Harden v. Darwin, 77 Ala. 472; Louisville St. L. & T. Ry. Co. v. Stephens, 96 Ky. 401, 29 S. W. Rep. 14. In Johnson v. Elliott, 64 Fla. 318, 59 South. Rep. 944, the conveyance was made in the name of the married woman

and her husband, she acquiesced in such conveyance, and was held to be estopped thereby.

It will not be necessary to consider the ambiguity or the lack of certainty, if any, in the description of the land contained in the answer (p) of the defendant to the interrogatories propounded by the plaintiffs; nor to consider the effect of the statute relating to burned records, Section 2729 *et seq.*, Revised General Statutes of 1920, upon ambiguities in descriptions of land contained in abstracts of title made evidence by the statutes.

It is stipulated that both the plaintiff and the defendant claim title from Jane H. Trasher, a married woman, who owned the land in controversy as her separate property. The defendant is admitted to be in possession and if the deed executed by Mrs. Jane H. Trasher and another person acting for her husband was insufficient to convey title to plaintiffs' predecessor in interest, then the plaintiffs have no title upon which to recover as against one in possession claiming title. It does not appear that the plaintiffs had been in possession if that be material here.

The power of attorney is limited to the property of the husband and does not purport to authorize, if it could in law authorize, Jennie H. Trasher to act for her principal in joining as a substitute or proxy for the husband in conveyances of his wife's separate real estate.

The purported deed of conveyance, covering the wife's separate real estate, in which the husband did not join as is imperatively required by the statute, was inoperative to transfer the title from Jane H. Trasher, a married woman, and the asserted title of the plaintiffs fails.

If it be true that the later deed executed to defendant's predecessor in interest by the same married woman, in which deed her husband did not join, covers the same real estate as that described in the deed executed to plaintiff's

predecessor. in interest, and such deed is also inoperative to convey the married woman's title to her separate real estate, the first inoperative deed, though prior in date, does not give plaintiffs a right to recover in ejectment against the defendant in possession claiming under the later inoperative deed. Under the authority of Wilkins v. Lewis, 78 Fla. 78, 82 South Rep. 762, the married woman is not estopped by her deed purporting to convey her separate real estate in which her husband did not join. The plaintiffs have not shown title in themselves, or a right to recover from the defendant in an action of ejectment. The married woman here had not been made a free dealer under the statute, as in 61 Fla. 672, and she had not obtained a divorce as in Ponce de Leon, etc., v. Day, decided at the last term.

The finding for the defendant was in accordance with the law applicable to the facts, and it was error to grant a new trial.

The order granting a new trial is reversed and the cause is remanded with directions to the Circuit Court to enter final judgment for the defendant, unless a motion in arrest of judgment or for judgment *non obstante veredicto*, shall be made to prevail. See Sec. 2205, Rev. Gen. Stats. 1920; Winn v. Coggins, 53 Fla. 327, text 328, 42 South. Rep. 897.

It is so ordered.

TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND STRUM, J., concur in the Opinion.

PER CURIAM.—Even if the provision of the burned records statute Section 2729 *et seq.*, Revised General Statutes of 1920, that ''all sales under powers * * * shall be presumed to be regular and correct,'' was intended to

apply and could legally apply to a power given by a married man authorizing another person to join for him in conveyance of his wife's separate real estate, there is nothing to indicate that such a power was attempted to be given in this case. And the then *existence* of such a power is not to be presumed even though (if the attempted power were shown and it would be effectual under the statute regulating conveyances of married women's separate real estate, she not being a free dealer under the statute) the cited statute provides that sales under powers shall be presumed ''to be regular and correct.''

The statutory provision that where stated records of conveyances have been burned, it shall be presumed that such conveyances when made under powers are ''regular and correct,'' does not modify the express requirement of the statute under which a married woman may sell, convey or mortgage her separate real estate, that ''her husband join in such sale, conveyance or mortgage,'' Sec. 3901, Rev. Gen. Stats. 1920.

If an earlier and a later attempted conveyance of the same property by the same party to different parties are each ineffectual to convey title because the essential and mandatory requirements of a statute were not complied with, neither of the written instruments has any advantage over the other to give a right of action to recover the property from the one who acquired possession thereof after the first attempted ineffectual conveyance. This is not a case of estoppel to deny the common grantor's title; but it is a case where the holder of an ineffectual purported deed of conveyance has no right of action to dispossess another who took possession under a later and similarly ineffectual purported deed of conveyance of the property from the same owner.

Rehearing denied.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the Opinion.