E. P. MAGILL, also known as Ted Magill, as Successor-Trustee, v. G. A. SHERMAN, a single woman, as Trustee, and MARION MORTGAGE COMPANY, a Florida corporation.

176 So. 795.
Division B.
Opinion Filed November 4, 1937.

*W. F. Parker,* for Appellant;
*Redfearn & Ferrell,* for Appellees.

CHAPMAN, J.—The parties in this opinion will be referred to as they appeared in the court below as plaintiffs and defendants. On the 27th day of November, 1934, the plaintiffs filed in the Circuit Court of Dade County, Florida, their

amended bill of complaint for the purpose of foreclosing a note and mortgage in the principal sum of $13,500.00 dated August 1, 1928, and given by the Marion Mortgage Company, a Florida corporation, to the Northern Investment Company, a corporation. The said mortgage encumbered lands situated in the City of Miami, Florida, upon which a hotel of approximately sixty-three rooms was erected or constructed during the year 1926. The title to the described lands at the time of the execution and delivery of the note and mortgage was in the Marion Mortgage Company, and on the 13th day of March, 1929, the title to the described lands by warranty deed was conveyed into the Trust Company of Florida, as Trustee, subject, however, to the note and mortgage sought to be foreclosed.

The Northern Investment Company, on March 7, 1929, assigned, transferred and set over the note, interest coupons and the mortgage to George Allen, who, for value received, transferred, assigned and set over to his said wife, Adolfina Lopez De Allen, an undivided one-half interest in the note and mortgage under date of December 19, 1932, and this suit is being maintained in the names of the true owners of the note and mortgage.

On the 26th day of November, 1931, the Trust Company of Florida, Trustee, was declared insolvent by the Comptroller of the State of Florida, and J. H. Therrell appointed as Liquidator, and upon his resignation M. A. Smith was duly appointed, M. A. Smith was removed as Trustee and E. P. Magill (Ted Magill) was appointed Successor-Trustee.

The amended bill is in approved form and sufficiently describes the interests of each party defendant and in law meets all requirements necessary to support a final decree. The amended bill prays for a final decree of foreclosure,

sale of the property, allegations for the appointment of a Receiver and for an accounting.

E. P. Magill (Ted Magill), as Successor-Trustee, filed an answer to the amended bill to foreclose which he, among other things, charges that the Marion Mortgage Company was without authority to represent the beneficiaries under the trust; the Trust Company of Florida, as Trustee, was without authority to give to the Marion Mortgage Company power to act in its behalf; the deed from the Marion Mortgage Company to the Trust Company of Florida was insufficient to create a trust; that beneficial ownership certificates representing 94.8% of all bondholders was unauthorized. It is further stated in the answer that the Marion Mortgage Company's mortgage was void *ab initio* because the plaintiff was without authority in equity or in law to place a mortgage upon said property; it asserted that the plaintiff was not the owner of the note and mortgage sought to be foreclosed.

The plaintiffs filed a lengthy replication to the answer as set up by the Successor-Trustee, in which they allege that the Marion Mortgage Company became the owner of the described land at a foreclosure sale on the part of the Trust Company of Florida, and refers to the entire pleadings in connection with said foreclosure.

It is not necessary to recite further the pleadings in behalf of either party to this suit for the purpose of reaching a conclusion.

An order of reference was made and all evidence taken before C. C. Youmans, Special Master, and his finding of facts and law as reported to the Court below, among other things, contained the following:

"FINDINGS.

"From the pleadings and evidence in this cause I find as follows:

"1. That the court has jurisdiction of the subject matter and of all the parties to this cause.

"2. That the mortgage sought to be foreclosed and the note secured thereby are valid instruments in the hands of plaintiffs and that said mortgage constitutes a valid lien on the property described therein.

"3. That the placing of said mortgage was necessary and that the trust estate received the benefit of the full amount of said mortgage, and that the mortgage money was expended by the trustee in a reasonable manner and for purposes necessary for the protection and preservation and operation of the trust property.

"4. That while the note and mortgage are signed by Marion Mortgage Company and no reference is made in either of said instruments to show that it was acting in its capacity as trustee in the execution of said instruments yet the successor-trustee by his answer makes Chancery Case No. 21874-D, which is the foreclosure of the original trust instrument a part of his answer by reference and by referring to said Chancery Case No. 21874-D and especially an additional motion for confirmation of sale, it is shown that the Marion Mortgage Company in bidding in the property and signing the note and the mortgage sued on in this cause was acting as trustee and for the benefit of the beneficiaries of the trust and I therefore find that the mortgage sought to be foreclosed in this action is binding upon the trust estate.

"5. That Walter Krouse by his answer claims to be the owner of certain personal property located in the hotel by Exhibit 'A' attached to said answer, and I find that said

personal property should be decreed to be the property of the said Walter Krouse.

"6.  That 94.8 per cent. of the bondholders accepted beneficial ownership certificates issued subject to the mortgage in question and thereby approved of said mortgage, and that 5.2 per cent. of the bondholders did not accept beneficial ownership certificates, but never objected to said mortgage, and that all of the bondholders have acquiesced in said mortgage for about seven years, and are therefore estopped from contesting said mortgage and that the successor-trustee holds under a deed given subject to said mortgage, and that the successor-trustee is likewise estopped from denying the validity of said mortgage.

"7.  That J. H. Therrell as Liquidator of the Trust Company of Florida as Trustee paid two interest installments on said mortgage and thereby approved said mortgage and acquiesced in the same, and that Ted Magill as successor-trustee holds in the same right as that of J. H. Therrell as Liquidator.

"8.  That there is due plaintiffs on account of said note and mortgage the principal sum of $13,500.00 together with interest at the rate of eight per cent. per annum from August 1, 1932, payable semi-annually.

"9.  That there is also due plaintiffs on account of said note and mortgage the sum of $1,500.00 solicitor's fee, which I find from the evidence to be a reasonable sum to be allowed plaintiffs for their solicitors in this cause.

"10.  That the law in this case is controlled largely by the case of Smith v. Massachusetts Mutual Life Insurance Company, a Florida case reported in 156 Southern page 498.

"11.  That final decree of foreclosure should be entered

in favor of plaintiffs in accordance with the pleadings and evidence and these findings of the special master.

"G. C. YOUMANS,
"Special Master."

On March 25, 1936, a final decree was entered in the cause decreeing the equities of the suit to be with the plaintiff and decreed the amount due to be paid, and for failure so to do, that the property described in the bill of complaint be sold, and from this final decree an appeal has been taken to this Court, with a number of assignments of error, all of which are based upon the final decree entered by the Chancellor below.

It is contended by counsel for defendants that the mortgage sought to be foreclosed here is void *ab initio* for the reasons (a) without consideration; (b) mortgagor did not own title on date of mortgage; (c) previous existing mortgage on same property; (d) the money borrowed was not needed; (e) the purchase at Master's sale was for use and benefit of the Trust Company of Florida; (f) defective signatures or the want of officials' signatures to the mortgage. While other objections exist, those, *supra*, present fairly the arguments of defendants. Likewise the following citations of authorities are presented to sustain defendants' position: Phillips v. Lowenstein, 91 Fla. 89, 107 Sou. Rep. 350; Smith v. Massachusetts Mutual Life Ins. Co., 116 Fla. 390, 156 Sou. Rep. 498; Higgins v. Driggs, 21 Fla. 103; Robinson v. Springfield Co., 21 Fla. 203; Luria v. Bank of Coral Gables, 106 Fla. 175, 142 Sou. Rep. 901; and numerous citations from other jurisdictions.

Exhibit number two attached to the answer of Ted Magill, as Successor-Trustee for the Sherman Hotel, and beginning at page 60 of the record is a trust deed to the Trust

Company of Florida and dated January 15, 1927. The contents of this instrument is a full and complete answer to every question raised. The excerpts following are material to a decision of this case,· viz.:

"Said series of bonds is secured by a Trust Deed or mortgage dated the 15th day of January, 1927, duly executed and delivered by the makers thereof to TRUST COMPANY OF FLORIDA, as Trustee, for the benefit of the holders of said bonds, and coupons and such Trust Deed or Mortgage is hereby referred to and as to all of its terms and provisions is hereby made a part of this bond. * * *

"The said owner hereby appoints the said Trustee, and its successor or successors in trust, the Attorney for said Owner, with authority to do any and all things which may be necessary for the carrying into effect of the purpose of this instrument, and said Trustee is likewise authorized to appoint a substitute attorney or agent from time to time and to use the name of said Owner in all matters pertaining to the proper execution of this trust. * * *

"The trustee, or any of the bondholders, or any person or persons acting in their behalf, may and the same hereby are authorized to purchase the property or properties at any sale or sales thereof, whether made under the power of sale hereinbefore contained or pursuant to a judicial decree or judgment, and the receipt of the Trustee shall be sufficient to discharge the purchaser or purchasers for his or their purchase money. * * *

"The Trustee herein shall have the right in the event of foreclosure to bid the property herewith and hereby incumbered in at judicial sale and apply the amount of the indebtedness found to.be due and payable as a payment upon said purchase price up to the full amount of the decree rendered in favor of the Trustee and in the event the Trustee

shall bid in said property, it shall hold the legal title in trust for the use and benefit of the bondholders; each bondholder being entitled to his interest in proportion to the amount in value of bonds held by him. * * *

"That the complainant, or any of the parties to this suit, severally or jointly, may be bidders for or purchasers of the said premises at the sale thereof. In the event that the complainant shall become the purchaser of said property at the said sale for an amount not greater than the amount herein adjudged to be paid to the said complainant, the said complainant shall be required to pay only the amount of costs, charges and expenses hereinabove adjudged to be paid, including the costs thereby incurred in advertising and selling the said property."

It appears that the note and mortgage were fully authorized and in fact the sale or bid thereat, execution and delivery of Master's deed and the order of confirmation by the lower court not only followed the law controlling this item but it was their duty so to do under the trust deed. All these questions of fact appearing in the record were fully considered by the Chancellor below. This cause is ruled by the case of Smith v. Massachusetts Mutual Life Ins. Co., 116 Fla. 390, 156 Sou. Rep. 498. We have considered the entire record and fail to find an abuse of discretion on the part of the Chancellor below and the following utterances of this Court as made in Farrington v. Harrison, 95 Fla. 769, text p. 770, 116 Sou. Rep. 497, are applicable here:

"We also bear in mind the oft reiterated rule that while the findings of the chancellor on the facts where the evidence is heard by him, and the witnesses are before him, are entitled to more weight in the Appellate Court than where such findings are made in a cause where the testimony was not taken before the chancellor, yet in either case

the chancellor's findings should not be disturbed by an Appellate Court unless shown to be clearly erroneous. Sandlin v. Hunter Co., 70 Fla. 514, 70 South. Rep. 553; Travis v. Travis, 81 Fla. 309, 87 South. Rep. 762; Lucas v. Wade, 43 Fla. 419, 31 South. Rep. 23. On the other hand, where a decree is manifestly against the weight of the evidence or contrary to and unsupported by the legal effect of the evidence, then it becomes the duty of the Appellate Court to reverse such decree. Carr v. Leslie, 73 Fla. 233, 74 South. Rep. 207; Florida National Bank v. Sherouse, 80 Fla. 405, 86 South. Rep. 279; Gill v. Chappelle, 71 Fla. 479, 71 South. Rep. 836; Lightsey v. Washington Park Properties, 112 South. Rep. 555."

The decree appealed from accordingly is affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.