OWEN, Judge
(dissenting).
It is my opinion that the judgment should be affirmed.
The deeds which Mrs. Holwell executed (under the name of Foulds) without the joinder of her husband were clearly invalid under the statutes and cases cited in the majority opinion. The issue, however, is not the invalidity of such deeds, but rather the question of whether the grantor is now estopped from asserting such invalidity as against the grantee and those in privity with the grantee.
In the case of Wilkins v. Lewis, 1919, 78 Fla. 78, 82 So. 762, the court stated that a void conveyance of a married woman cannot be given effect by the doctrine of es-toppel in the absence of a statute permitting it. Such a statement was repeated in the opinion in the case of Phillips v. Low-enstein, 1926, 91 Fla. 89, 107 So. 350, where the court also stated that a void deed cannot work an estoppel. Appellants contend, and the majority opinion herein holds (on the authority of these cases) that the application of the doctrine of estoppel is barred in the instant case. Such a position is well founded if it is still the law of Florida that a void conveyance cannot be given effect by the doctrine of estoppel.
In the case of Daniell v. Sherrill, Fla. 1950, 48 So.2d 736, 23 A.L.R.2d 1410, it was expressly held that the State of Florida, as the grantor of an invalid tax deed, was estopped to question the validity of such deed as against the grantee. In its opinion the court stated:
“19 Am.Jur. 606, sets out the rule: ‘A grantor is generally estopped from denying the title of his grantee or his own authority to sell.’
“This Court in Reid v. Barry, 93 Fla. 849, 112 So. 846, 857, quoted approvingly a similar statement from 21 C.J. 1067: ‘A person who assumes to convey an es-' tate by deed is estopped, as against the grantee, to assert anything in derogation of the deed. He will not be heard, for the purpose of defeating the title of the grantee, to say that at the time of the conveyance he had no title, or that none passed by the deed, nor can he deny to the deed its full operation and effect as a conveyance.’ ”
Again in 1961, in the case of Trustees of Internal Improvement Fund v. Lobean, Fla.1961, 127 So.2d 98, the Supreme Court *257 of Florida reaffirmed its position that the doctrine of estoppel could be invoked by the grantee against the grantor, even though the deed under which the grantee claimed title was void.
The issue is whether a deed which is void [for whatever reason] may be given effect by the doctrine of estoppel. The earlier cases which categorically answered this in the negative, seem to me to be substantially modified (if not overruled) by the expressed holding of the later cases answering this question in the affirmative. The trial court, in entering judgment for the defendants, applied the doctrine of legal estoppel and in my opinion was correct in so doing.
Additionally, apart from the legal estop-pel involved, it appears to me that under the facts of this case the doctrine of equitable estoppel would also be applicable against the plaintiffs. In the Lobean case, supra, the court stated:
“Equitable estoppel as applied to land titles is a different thing. It depends on the conduct of the parties for its efficacy. It is not concerned with the language of the instrument and may actually deny the legal effect of the deed. In Florida Land Investment Co. v. Williams, 1928, 98 Fla. 1258, 116 So. 642, 643, this court said:
‘An equitable estoppel, as affecting land titles, is a doctrine by which a party is prevented from setting up his legal title because he has through his acts, words, or silence led another to take a position in which the assertion of the legal title would be contrary to equity and good conscience.’ ”
Such language was more recently approved by the Supreme Court of Florida in Cook v. Katiba, Fla. 1966, 190 So.2d 309. In the case at bar, Mrs. Holwell permitted title to the property to be placed in her name as Eveline Foulds [presumably her maiden name] and then on two occasions executed conveyances using the name of .Eveline Foulds, the first being April 1, 1947, and the second being May 14, 1956. She knew, at the time of executing these two conveyances that her married name was Eveline Foulds Holwell. Her conduct under these circumstances allowed Zofnas to purchase the property from Mrs. Holwell’s grantee, and the assertion of the legal title in Mrs. Holwell now would be contrary to equity and good conscience.