COMMERCIAL BUILDING COMPANY, a corporation, *Plaintiff in Error*, vs. EUPHEMIA L. KELLIHER and PATRICK F. KELLIHER, her husband, *Defendants in Error*.

Division A.

Opinion filed April 28, 1931.
Petition for rehearing denied July 1, 1931.

*D. C. McMullen* and *W. Raleigh Petteway,* for Plaintiff in Error;

*Lucas & Twomey,* for Defendants in Error.

BUFORD, C.J.—This was a suit by a subsequent grantee against the defendants Euphemia L. Kelliher and Patrick F. Kelliher, her husband, to recover the amount paid to the Kellihers by L. Horn, G. A. Petteway, D. C. McMullen and M. W. Ulmer, grantees in a warranty deed. The plaintiff was the grantee in a deed from the original grantees of the Kellihers, the suit being based upon the alleged breach of the covenant of warranty of title contained in the Kelliher deed. First, we will observe that the Kelliher

deed appears to have been made to convey the separate
estate of Euphemia L. Kelliher, although the warranty
was the joint warranty of the grantors Euphemia L.
Kelliher and her husband, Patrick F. Kelliher. The deed
appears to have been executed on the 10th day of March,
1910. The covenant of the warranty in the deed was:

"And the said parties of the first part, for themselves
and their heirs; the above described premises and
every part and parcel thereof, with the appurtenances,
unto the said parties of the second part, their heirs
and assigns, against the said parties of the first part
and their heirs and assigns, against all and every per-
son or persons lawfully claiming or to claim the same,
shall and will warrant and by these presents forever
defend".

With and as a part of this covenant must be read Section
3813 R. G. S., which is as follows:

"A married woman who joins with her husband in
executing a conveyance or mortgage of real property,
or of any estate therein, may enter into any covenants
as to the title or against encumbrances or of warranty,
but such covenants shall have no other effect than to
estop her and all persons claiming as her heirs, or by or
through her, in the same manner as if she were not
married."

This section was construed in the case of Couch vs. Palmer,
57 Fla. 57, 48 Sou. 995, and there the Court held,

"Section 2472, General Statutes of Florida of 1906 is
in effect an express legislative declaration that a married
woman may covenant in a deed executed by herself
and husband against encumbrances and for warranty
of title, but that such covenants shall not bind or obli-
gate her personally, but should operate only as an es-
toppel against her and all persons claiming by or
through her. This statute applies as well to warranties

contained in deeds by the wife conveying her separate property.''

Therefore, although the warranty as expressed in the deed was general, it was by statute limited so that the covenant precluded the liability of a married woman for damages. The then existing statutory limitation became in legal contemplation a part of the covenant. Section 3813 R.G.S. was amended by chapter 12083 Acts of 1927 by adding the words, ''except that her covenants and warranties which have been or may be made with respect to her separate statutory property shall bind her to the amount or the purchase price received by her for such property as if she were not married''. To apply this provision to a covenant of warranty in a deed made and executed prior to the date of amendment would violate the due process clause of both the State and Federal Constitutions because by the application of that clause of the statute as it now exists the married woman would be held to a liability under a covenant which was denied and precluded by statute at the time the covenant was made and for this reason that part of the amendment which sought to affect covenants and warranties made and entered into prior to the passage of the Act was void.

The declaration in this case attempts to allege a liability against the married woman under a covenant of warranty to the amount of the purchase price received by her in the sum of $33,500.00. Such was not her covenant. Her covenant as limited by statute in force at the time of the institution of the suit was that her warranty should ''have no other effect than to estop her and all persons claiming as her heirs, or by or through her, in the same manner as if she were not married.''

A copy of the original deed from Euphemia L. Kelliher

and her husband was attached to the declaration but does not appear to have been made a part thereof.

There was a demurrer to the declaration by each of the defendants. Demurrers were sustained and, the plaintiff refusing to plead further, judgment was entered in favor of the defendants.

The allegations of the declaration show that the defendant Euphemia L. Kelliher was not liable for damages on her covenant of warranty and, therefore, demurrers were properly sustained.

The judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.