## C. V. JONES and S. E. JONES v. W. P. TOMS

9 So. (2nd) 96                     Division A
June 30, 1942

Jennings & Watts, Olin E. Watts and Edwin M. Clarke, for plaintiffs in error.

Smith & Axtell, R. R. Axtell and W. Gregory Smith, for defendant in error.

ADAMS, J.:

Final judgment holding plaintiffs' declaration insufficient is before us for review on writ of error.

The question is whether certain written memorandum is sufficient to comply with the statute of frauds in regard to the sale of corporate stock? The letters are long, much of which is immaterial and would

serve no useful purpose to recite here. The parties held a conference and thereafter exchanged several letters. We have examined these letters and have come to the conclusion that they do not evidence the fact that the parties had *actually agreed* on the sale. The nearest approach that the parties came to a contact was upon the proposal referred to in the defendant's letter of October 8, 1940, wherein he indicated a proposal to sell a 60% interest of the corporate stock.

As we observe from the correspondence as a whole, the parties contemplated this on a time basis. Thereafter discord developed between the parties and the plaintiffs' attorney on October 29, 1940, by letter proposed to accept the offer to sell the 60% interest and in his letter of acceptance proposed to state the terms of payment. The defendant countered that the terms were not satisfactory nor in accordance with the previous conference. Thereupon plaintiff by letter accepted the 60% offer and agreed to pay cash. It did seem that when plaintiff offered to pay cash he had met the requirements of the defendant but we are unable to find where the defendant at any time offered to sell 60% interest for cash, at the same price which he offered it on terms. We can well understand that due to tax problems the defendant could afford to sell his property on a term basis for less than for cash. This matter of cash price was for the parties to settle for themselves and it appears to us from a study of the entire record that the negotiation of the parties never proceeded beyond the point of negotiation. That conclusion having been reached it is unnecessary for us to determine whether the writing was sufficiently comprehensive. The law requires that for the

memorandum to be sufficient it must satisfactorily show that a contract has actually been made.

The judgment is affirmed.

BROWN, C. J., WHITFIELD and BUFORD, JJ., concur.