**FLORIDA BANK AND TRUST COMPANY AT WEST PALM BEACH,** as Ancillary Administrator c.t.a. of the State of William W. Burgiss, deceased, et al., v. N. R. FIELD.

25 So. (2nd) 663                      January Term, 1946
April 9, 1946                             Division A
Rehearing denied April 24th, 1946

*Bert Winters, W. J. Lake* and *Wm. H. Cook,* for petitioners.

*George J. Baya,* for respondent.

ADAMS, J.:

Under Rule 34 we review an order overruling a motion to dismiss a bill in equity. The bill seeks specific performance of a contract for the sale of real estate.

Plaintiff in the bill for specific performance relies for his contract on the written application made and filed in the probate court wherein it is alleged that:

" . . . Florida Bank and Trust Company at West Palm Beach, has been duly appointed as ancillary administrator cum testamento annexo of the above Estate, has duly qualified and is now the duly qualified and acting ancillary administrator cum testamento annexo of said Estate.

"4. That William W. Burgiss, the above named decedent, died seized and possessed of that certain real estate located, lying and being in Palm Beach County, Florida, more particularly described as follows, to-wit:

PLAINTIFF'S EXHIBIT "A"

"The South one-half (S½) of Government Lot 1 and all of Government Lot 4 in Section 9, Township 47 South, Range 43 East.

"5. That under the provisions of the Last Will and Testament of William W. Burgiss, deceased, and the codicils thereto the above described property was not specifically devised but passes under the residuary clause to the residuary legatee and devisee, W. W. Burgiss Charities, Inc., an eleemosynary corporation of the State of South Carolina.

"6. That said Last Will and Testament provides, among other things: 'Sixteenth: In order to provide necessary funds for the purpose of paying my debts, funeral expenses, income and inheritance taxes, expenses of administration and any and all other charges against my estate, including the legacies mentioned in the fourth to eighth paragraphs, inclusive of this will, I hereby give and grant unto my Executors full power to sell any real or personal property belonging to my estate.'

"7. That in the opinion of the ancillary administrator cum testamento annexo, which opinion is concurred in by the domiciliary executor, it will be necessary to raise a large amount of funds for the purposes referred to in the quoted paragraph of the Will of the decedent; that the Estate consists chiefly of real estate, and, for the purposes of raising funds as aforesaid, it will be necessary to make sales of portions of the real estate of the decedent; that the above described property is unimproved property and payment of the taxes thereon is a burden to the Estate.

"8. That the above described property has been appraised by the appraisers appointed in this cause at Two Hundred Thousand Dollars ($200,000.00), and your petitioner considers that it is for the best interests of the Estate and of those interested therein that the property hereinabove described be sold for the purposes hereinabove set forth; that, as hereinabove set forth, said property is unimproved property located approximately three (3) miles north of the city limits of Boca Raton, lying between the Atlantic Ocean and the Intercoastal Waterways and being about 3,981 feet of ocean front property; that your petitioner has received an offer of Seventy-Five Dollars and Fifty Cents ($75.50) per front foot, payable forty per cent (40%) in cash at the time of the closing of said sale, the balance of the purchase price to be represented by forty (40) different and separate purchase money mortgages divided on a front foot basis so that thirty-nine (39) of said mortgages will each encumber one hundred feet (100') of land and the fortieth (40th) mortgage eighty-one (81') feet of said land and payable one-half (½) of balance due on or before one (1) year

and one-half (½) of said balance on or before two (2) years from the date of said mortgages with interest at the rate of five per cent (5%) per annum, payable semi-annually. Under the terms of said offer, there will be deducted a five per cent (5%) commission from the sales price and taken from the cash payment, and your petitioner is to furnish to the purchaser an abstract of title showing a good and marketable title and the full and lawful authority of your petitioner and the domiciliary executor to convey said property; and, in the event the sale is not completed within sixty (60) days from the delivery of said abstract showing a good and marketable title and full authority of your petitioner and the domiciliary executor to convey said property, the sum of Ten Thousand Dollars ($10,000.00) heretofore deposited with your petitioner shall be forfeited and, in the event the title shall be found not to be good and marketable, the sellers shall have a reasonable time within which to make said title good and marketable or the purchaser may accept the title in the condition as shown in said abstract. However, if the title is found not to be good and marketable and the purchaser elects not to accept such title in the condition as shown by the abstract, the said Ten Thousand Dollars ($10,000.00) shall be returned to the purchaser.

"9. That, while under the terms of said will your petitioner has the power and authority to sell said property, your petitioner considers such power so limited that it cannot be conveniently exercised without an order of this Court and, therefore, your petitioner desires the approval of this Court as to the sale of this property.

"10. That the First National Bank of Greenville, the domiciliary executor, and W. W. Burgiss Charities, Inc., the residuary legatee and devisee, join in this petition.

"WHEREFORE, your petitioner prays that the Court enter an order authorizing your petitioner to make said sale upon the terms hereinabove set forth and that, in and by said order approving said sale, this Honorable Court authorize and approve the execution by your petitioner of a deed in proper form conveying said property to the purchaser upon the terms hereinabove set forth. . . . "

Before the county judge acted on the petition an amended petition was filed which informed the court of a higher offer from another party and asked for authority to accept the latter. The county judge's court declined to authorize either but directed the administrator to advertise for sealed bids. Whereupon this bill for specific performance, now under attack, was filed. A motion to dismiss was filed and overruled.

Specific performance is in order only where there is a valid existing contract. If there is doubt as to the existence of a contract the relief will not be granted. The written memorandum for the sale of land, as in this case, must affirmatively show that the transaction has progressed beyond the stage of negotiation and bargain. The contract must be definite and certain as to (1) the parties, (2) the price, (3) the subject matter and (4) the mutual promises and miscellaneous terms. See Pomeroy's Specific Performance of Contracts, 3rd Ed., Sec. 58, Sec. 145 and Sec. 146; 49 Am. Jur., Sec. 15, page 24.

When the instrument, which forms the basis of plaintiff's suit, is measured by the above rules its deficiency readily becomes apparent. We will not adjudge the question involving authority in the administrator C.T.A. to sell in the absence of a court order. The fact is the administrator elected not to sell without a court order which of itself shows the administrator never contemplated a completion of the contract until approval of the court was given.

The petition to sell shows only an offer accompanied with a good faith payment. It does not state that the administrator accepted the offer. Neither does it recommend its acceptance. The order in question is defended with the statement that additional notes and memoranda signed by the party to be charged will be admissible in evidence which will constitute the entire contract between the parties. While it is not necessary to plead matters evidentiary, yet where the evidentiary writings are required to disclose a complete contract, their omission from the bill renders it deficient. This is so because it is encumbent on the plaintiff to make a clear case before an answer will be required of defendant.

The further argument is made that inasmuch as the domiciliary executor, the administrator C.T.A. and residuary legatee joined in the petition they should be estopped to deny the contract. This argument is not without its moral persuasion, however the general rule is that estoppel will not be invoked to effect a conveyance of real estate. Where the deed, contract or writing is insufficient to meet the lawful requirements for conveyances of land estoppel will not supply the legal deficiencies. See Wilkins et al. v. Lewis, 78 Fla. 78, 82 So. 762; Albert Phillips v. Voila Lowenstein et al., 91 Fla. 89, 107 So. 350.

The writ is granted and the order overruling the motion is quashed.

So ordered.

CHAPMAN, C. J., TERELL and BUFORD, JJ., concur.