**H. E. BRANDT, and RUTH E. BRANDT, his wife, and BRANDT CORPORATION, a Florida corporation, v. CHARLES SHANE.**

27 So. (2nd) 161                               June Term, 1946
August 2, 1946                                     En Banc
Rehearing denied September 5, 1946

*Owen W. Pittman,* for petitioners.

*Vincent C. Giblin* and *George M. Powell,* for respondent.

BROWN, J.:

This case is before us on a petition for certiorari to review an order of the Circuit Court denying the motion of the de-

fendants below, petitioners here, to dismiss respondent's amended bill of complaint. The defendants were H. E. Brandt and Ruth E. Brandt, his wife, and Hilda Collins, stockholders, and the Brandt Corporation.

The bill sought specific performance of an alleged agreement by defendants to sell plaintiff all the capital stock of the Brandt corporation for $300,000, upon certain terms and conditions, $30,000 to be paid in cash and the balance at a later date.

Under the statute of frauds, section 725.02 F.S.A., no agreement for the sale of personal property, with certain exceptions not here material, shall be good unless some note or memorandum in writing of the said bargain or contract be made and signed by the parties to be charged by such contract, or their agents thereunto lawfully authorized.

The plaintiff below desired to purchase all the real estate owned by the Brandt Corporation, which constituted practically all of the assets of a corporation except $9,978. in bank and some accrued rents. He offered $300,000. for the real estate. The three stockholders preferred to sell the stock in the corporation. After considerable negotiations between the parties, the bill alleges that the oral agreement was correctly embodied in a contract which was drafted and signed by P. L. Watson as the agent of the defendants on February 27, 1946. The bill alleged that Watson was one of the two real estate brokers who represented the defendants in the transaction.

This alleged contract was a long one, consisting of about five pages. It begins as follows:

"THIS AGREEMENT, made and entered into this 27th day of February, A. D., 1946, by and between H. E. BRANDT, RUTH E. BRANDT and HILDA COLLINS, parties of the first part, hereinafter referred to as the 'Sellers,' and CHARLES SHANE, party of the second part, hereinafter referred to as the 'Purchaser,' W I T N E S S E T H:"

And it winds up as follows:

"IT IS MUTUALLY UNDERSTOOD AND AGREED that this agreement and the provisions of the same shall extend to and be binding upon the heirs, assigns, and legal representatives of the respective parties; that this instrument, this day

executed in duplicate, represents all of the understandings and agreements between the parties hereto, and that no further understanding or agreements between the said parties shall be considered to have been made unless made hereafter in writing.

"IN WITNESS WHEREOF, the parties hereto have hereunto set their hand and seals at Miami Beach, Florida this 27th February, A. D. 1946.

------------------------------------------------------------------------

"This is merely my suggestion of some of the essential features to be embodied in an agreement as a written record of the transactions contemplated. It is dashed off in a hurry and is by no means to be used as a final draft of proper contract."

P. L. Watson."

------------

That the form of contract, as drafted by Watson, and not signed by the parties, was not intended to be a final draft, nor to be binding on the parties, is clearly shown by the above appended memorandum or paragraph, below the vacant space left for the signatures of the parties, and signed by Watson, and hence does not comply with the requirements of the statute of frauds.

The bill alleges that the plaintiff below tendered the $30,000. to the defendants and they refused it. Later bill for specific performance was filed.

Respondent Shane relies strongly on the case of Baruch v. Haggerty, 137 Fla. 797, 188 So. 797. It was held in that case that under certain circumstances specific performance of a contract for the sale of corporate stock will be granted. In that case there was no question about the due execution of the written contract by the parties. The case turned upon other questions. Here there was no contract which met the requirements of the statute.

"The law requires that for the memorandum to be suficient it must satisfactorily show that a contract has actually been made." Jones v. Toms, 150 Fla. 873, 9 So. (2nd) 96.

If there is any doubt as to the existence of a contract, specific performance will not be granted. Florida Bank & Trust Co. v. Field, 157 Fla. 261, 25 So. (2nd) 663.

See also in this general connection Rundel v. Gordon, 92 Fla. 1110, 111 So. 386.

The petition for certiorari is granted, and the order denying the motion to dismiss the amended bill is quashed, and the cause remanded.

BUFORD, THOMAS and ADAMS, JJ., concur.

CHAPMAN, C. J., TERRELL and SEBRING, JJ., dissent.