PRATER *v.* PRATER, et al.

In Banc. Dec. 31, 1949.

No. 37291 (43 So. (2d) 582)

**Sams & Jolly,** for appellant.

**Daniel, McKee & McDowell,** for appellees.

## Montgomery, J.

The appellant, Gilbert Neal Prater, filed his original bill in the Chancery Court of Lowndes County against Mrs. G. N. Prater, formerly his wife, seeking to cancel a deed executed by his former wife, Mrs. Prater, to Mrs. Mary E. Stribling, a deed from Mrs. Mary E. Stribling to Harwell D. Allen, and a deed of trust from Harwell D. Allen to the First Columbus National Bank, all of whom were parties defendant to the bill, and which instruments sought to be cancelled were exhibited with the bill. There was a decree in the lower court dismissing the bill and Gilbert Neal Prater appealed.

The facts in the case are as follows:

John N. Layer was the owner of a house and lot in Columbus that D. E. Woolbright, a real estate agent, had arranged a sale for to Gilbert Neal Prater and his wife, Mrs. G. N. Prater, and Woolbright went to the office of W. L. Sims, an attorney of Columbus, Mississippi, and had him prepare a deed from Mr. and Mrs. Layer to Prater and wife, naming both of them in the deed as grantees. Mr. Sims prepared the deed according to instructions given by Mr. Woolbright and delivered the prepared form of the deed to Mr. Woolbright, who turned it over to the parties for execution. Mr. John N. Layer testified that at the time the deed was executed it contained the names of both Mr. and Mrs. Prater therein as grantees, and Mr. Prater testified to the same effect. The deed was then delivered to Mr. Prater, who turned it over to his wife who put it in her purse. The deed was not placed of record. Mr. and Mrs. Prater then moved into the house on August 15, 1945, and resided therein as a homestead until September 21, of the same year, when family difficulties arose and Prater left and went to Santa Maria, California. Upon Prater's departure Mrs. Prater filed a suit for divorce in the Chancery Court of Lowndes County, but this was not fol-

lowed up by her. Later, desiring to sell the property, she approached Mrs. Mary E. Stribling and undertook to make a sale. Mrs. Stribling advised her she would look at the public records and after doing so learned that the deed had not been placed of record. She reported back to Mrs. Prater that the title still appeared of record in John N. Layer and Mrs. Prater explained that when her husband left her she had returned to her people in Vernon, Alabama, and that the deed had been lost. Mrs. Prater was contending that she had been named as the sole grantee in the deed. It was then undertaken to procure another deed from Mr. and Mrs. Layer naming Mrs. Prater as the sole grantee. But according to Mr. Layer's testimony, it was represented to him that the deed he had given to Mr. and Mrs. Prater was incorrect and that they wanted a new deed naming Mrs. Prater as sole grantee, which he declined to execute. On failing to procure a new deed from Mr. and Mrs. Layer, Mrs. Prater then went to Vernon, Alabama, and a few days later returned with a deed which she showed to Mrs. Stribling and which Mrs. Stribling testified was regular on its face and named Mrs. Prater as the sole grantee. The bill charges that Mrs. Prater either deleted Mr. Prater's name from the deed or forged another deed with Mrs. Prater named as the sole grantee. Mrs. Stribling then purchased the property from Mrs. Prater, and Mrs. Prater executed a deed in accordance with this transaction. Thereupon Mrs. Stribling and Mrs. Prater went to the Chancery Clerk's office together and there deposited the respective deeds, each paying their own recording fee. Mrs. Prater then left Columbus. Shortly thereafter, in February of 1946, Mr. Prater returned to Columbus, finding that the bill for divorce had been filed against him he filed an answer and cross-bill in the same suit and was awarded a divorce from his wife on his cross-bill. Learning of the sale of the property by Mrs. Prater, he thereupon filed this suit. The

original of the Layer deed was not produced at the trial.

We are convinced by the testimony in this record that John N. Layer and wife executed a deed to the property to both Neal Prater and Kitty Prater, his wife, and that both of said parties were named as grantees in said deed and that said deed was delivered to Prater. This is supported by the testimony of John N. Layer, the testimony of Neal Prater, and the undisputed physical fact that the deed placed of record naming Mrs. Prater as grantee also refers to the grantees in the plural in six different places in the deed. In addition, Mr. Layer testified that at the time of the conference in which it was sought to obtain from him a substitute deed, it was stated to him that the deed he had executed to both Prater and his wife was incorrect and that it was sought to correct this mistake in his former deed. In addition he testified that he was later offered $50 to execute such a deed, which he declined to do.

■■ Mrs. Prater did not testify in this suit, but permitted a decree pro confesso to be taken against her. From this it may be legally inferred that had she testified, her testimony would not have contradicted that of the complainant, because the result of her failure to plead is in law an admission of the allegations of the bill.

We are further convinced from the evidence in this record that someone deleted the name of Gilbert Neal Prater as a grantee in the deed from Mr. and Mrs. John N. Prater.

■■ When the deed was delivered by John N. Layer to Neal Prater and Kitty Prater, this delivery operated to vest in Neal Prater and in Kitty Prater each an undivided one-half interest in the property. When Mrs. Kitty Prater, or whoever else that might have performed the deletion, deleted the name of Neal Prater from the deed this did not operate in any wise to increase the interest of Kitty Prater in the property, for Neal Prater's interest had vested and could pass to Kitty Prater only

by instrument of writing. Consequently, when Mrs. Kitty Prater executed the deed to Mrs. Stribling, it was not effective to convey any larger interest in the property than Mrs. Prater owned, and consequently conveyed to Mrs. Stribling only the undivided one-half interest in the property which had been vested in Mrs. Prater by the deed from John N. Layer.

An altered instrument does not operate to pass title, and when Mrs. Stribling purchased on the faith of the public records she does not occupy the position of an innocent purchaser for value as to the interest of Neal Prater. 2 Am. Jur. p. 619 Sec. 31. This is true for two reasons, one reason is that the title as to his one-half interest has never passed out of Neal Prater by instrument of writing required by the statute of frauds, and secondly, a purchaser under a forgery is not exalted by law into the preferred position of innocent purchaser for value, and a thief can give no title. Consequently, Mrs. Stribling was vested with an undivided one-half interest in the property by the deed from Mrs. Prater. The deed from Mrs. Stribling to Harwell D. Allen vested in him the undivided one-half interest owned by Mrs. Stribling, and the deed of trust to the First Columbus National Bank executed by Harwell D. Allen is effective to bind only the undivided one-half interest Allen received in the deed from Mrs. Stribling.

There was a prayer for general relief in the bill of complaint. The finding of the Chancellor was contrary to the overwhelming weight of the evidence. While we hesitate to overthrow the ruling of the Chancellor on a finding of fact, nevertheless we in such cases sit here as Chancellors and are bound by the same duties as control the Chancellors in the courts below, and when it is apparent that the Chancellor has found against the overwhelming weight of the evidence and is manifestly wrong in his finding, this Court will reverse the finding of the Chancellor and this we must do here.

It is our judgment that Gilbert Neal Prater is now

vested with an undivided one-half interest in the property and that Harwell D. Allen is vested with the undivided one-half interest formerly owned by Mrs. Gilbert Neal Prater and that the Bank's deed of trust is a lien only upon the interest of the said Allen.

Accordingly, the decree of the lower court will be reversed and decree will be entered here in accordance with this opinion.

Reversed and rendered.

### ON SUGGESTION OF ERROR

In Banc. February 27, 1950.

(44 So. (2d) 538)

### Roberds, J.

It is suggested, among other things, that Mrs. Stribling should have been granted an equitable lien upon the one-half interest of Prater in the property in question to secure to her the payment of one-half the amount she paid the First National Bank of Columbus, such one-half being $242.00. ██ ██ We think the contention is well taken. The debt to the Bank was assumed by grantees in the deed to Mr. and Mrs. Prater, and it is only equitable and just that the one-half interest of Prater in the property be charged with an equitable lien to secure one-half of the amount assumed. That will be done and the decree heretofore entered will be modified accordingly.

It is suggested that the cause should be reversed for adjustment of taxes, improvements, rents, etc., as between Allen and Prater. No such questions are presented by the pleadings in this cause. However, neither the opinion rendered, nor the decree entered; herein shall be construed as adjudicating, or foreclosing, these questions. They are left open.

Suggestion of error is overruled in part and sustained in part.