ALLEN, Acting Chief Judge.
The appellees were plaintiffs below. The appellant appeals an order entered by the lower court granting a motion for a new trial.
The jury returned a verdict for the plaintiff wife in the sum of $675.15 and a verdict for the plaintiff husband of $10.00.
The plaintiff-appellees moved for a new trial on the issue of damages only. The lower court granted such motion and, in its order, stated:
“ * * * [T]he Court being of the opinion that the jury either misconceived the law of evidence or the jury did not consider all of the elements of damage involved, or the jury failed to discharge their duty as given them by the Court’s charge, * * *
“ * * * [A] new trial is granted to Plaintiffs on the ■ issue of damages only.”
The facts in this case show only a slight contact between the appellant-defendant’s *242 ■car and the car of the plaintiffs. However, •some 20 minutes after the collision, Mrs. Ziton complained of back injury and was taken to a hospital. Mr. Ziton testified as ■to temporary injury and discomfort he suffered and asked $190.40 medical expenses for his injury. Pie also testified as to -$67S.1S medical expenses for injury to his wife. Further he testified that his wife was employed at $55 a week when the accident •occurred and she was unable to resume •employment until October.
Two expert medical witnesses testified 'for plaintiff-wife, one setting a 5-8% disability, the other a 15-20% disability. Both •of her expert witnesses found objective justification for Mrs. Ziton’s complaints of ■pain, but both admitted on cross-examination that postural defects were major contributors to the pain and consequent disability.
The defendant’s medical expert attributed any felt discomfort and disability entirely to postural defects unrelated to the accident and testified that he felt that Mrs. iZiton had received mild sprains as a result •of the accident and was attempting to •capitalize upon them.
Mr. Ziton claimed property damage at :$40, but a witness of the defendant claimed that much of his damages were old and set $10 as a proper damage to his car as a re•sult of the collision.
The court directed a verdict and submitted the issue of damages to the jury. The amount of damages allotted to the wife ■by the jury was $675.15, which was the .amount of her medical expenses claimed by Mr. Ziton who was obligated to pay said •expenses. Mrs. Ziton received no other sums for her damage. Mr. Ziton did not receive any money for his own testified •medical expenses of $190.40 but received .a total sum of $10 for damages to his car.
Under the apparent confusion of the jury as to how the medical expenses should 'be allotted and the further fact that they .allowed medical expenses for part of the injury and not for other injuries, and allowed no damages for pain or suffering, loss of income, etc., the judge granted a new trial.
We think that, under the peculiar circumstances of this case, the trial judge who heard the case and granted a new trial on damages only comes within the discretionary purview of Cloud v. Fallís, Fla.1959, 110 So.2d 669.
Affirmed.
WHITE, J., and WILLIAMS, O. EDGAR, JR., Associate Judge, concur.