308 So.2d 914 (1975)
Sidney E. PERKINS
v.
Mrs. Catherine F. KERBY and Sidney T. Furr.
No. 47882.
Supreme Court of Mississippi.
March 3, 1975.
Rehearing Denied May 12, 1975.
*915 Townsend, McWilliams & Holladay, Drew, for appellant.
Kirkpatrick & Lucas, Memphis, Tenn., E.H. Britton, Macon, John S. Throop, Jr., Water Valley, for appellees.
Before PATTERSON, ROBERTSON and WALKER, JJ.
PATTERSON, Justice:
This is an appeal from the Chancery Court of the First Judicial District of Yalobusha County. There Mrs. Catherine F. Kerby, hereinafter Mrs. Kerby, filed a partition suit seeking the sale of property which she alleged was owned by Sidney E. Perkins, hereinafter Perkins, and herself as tenants by the entirety. Perkins in his answer denied the existence of an estate by the entirety and filed a cross bill to quiet title to the property in himself. Sidney T. Furr, hereinafter Furr, a grantee of Perkins, was made a cross-defendant with Mrs. Kerby in the quiet title suit.
The court held that Mrs. Kerby and Perkins while husband and wife, owned the property as tenants by the entirety, but when they were divorced, the ownership by entirety terminated and thereafter they owned the property as tenants in common. The court then held that since the conveyance by Perkins to Furr was attempted during the existence of the ownership by the entirety, it was invalid because the wife of the grantor had not joined in it. Furr's title was therefore denied. The court further held that Mrs. Kerby and Perkins owned the property in equal parts and that it was subject to partition except for that portion occupied by Perkins as a homestead. The cause was thereupon remanded to the docket with Perkins being given thirty days to select his homestead and for further proceedings.
The parties to the suit now appeal. (1) Perkins contends that the trial court erred in not finding him to be the sole owner of the property. (2) Mrs. Kerby argues that the court erred in granting Perkins a homestead right in the property. (3) Furr *916 contends that the court erred in finding Mrs. Kerby to have an interest in the property, reasoning that he owns a one-third remainder interest in the entire tract, but alternatively, if Perkins' ownership is diminished, his one-third remainder interest is decreased proportionately.
Mrs. Fannie Perkins, the mother of the defendant and cross-complainant, is the common source of title to the lands in controversy. On April 15, 1950, she conveyed the property to Perkins by two deeds. These deeds were not recorded until February 2, 1972, having been misplaced and not found until shortly prior to their recordation.
Mrs. Kerby and Perkins were married in 1958. On March 18, 1960, Mrs. Fannie Perkins, believing the former deeds to have been lost, again executed two deeds conveying the property to her son as the sole grantee. Prior to recording these instruments on October 28, 1963, Perkins wrote into them after his name as grantee, the following: "and Catherine F. Perkins, as an estate by the entirety." This phrase was written into the deeds without the knowledge of the original grantor. The addendum was not signed by Perkins, the original grantee, and neither was it acknowledged.
In January 1968 Mrs. Kerby and Perkins were separated and subsequently a suit for divorce was filed by her. The deeds of March 18, 1960, thereafter received the attention of Perkins when he lined out the previously-added phrase attempting to make his wife a grantee of his mother. On the margin of the deeds he wrote, in explaining the lineout: "Elimination made to validate or revalidate deed by removing invalid addition made by grantee without grantor's consent three years after deed was delivered by grantor and to which objections were expressed in dying testimony of grantor in affidavit attached." The deeds were then rerecorded.
On September 19, 1970, Perkins conveyed the property to his nephew, S.T. Furr, and his sisters, Mrs. L.C. Furr and Mrs. H.M. McCracken, retaining a life estate. This deed was filed for record on February 8, 1972.
The divorce proceedings originated by the present Mrs. Kerby culminated on November 3, 1971, with Perkins being granted a divorce for desertion. Thereafter, Mrs. L.C. Furr and Mrs. H.M. McCracken quitclaimed their interest in the property to Perkins, their brother, but Furr, the nephew, refused to reconvey his interest.
The attempt by interlineation to make Mrs. Kerby a grantee in the deed from Mrs. Fannie Perkins was a fabrication to a solemn instrument not worthy of consideration. It was a nullity totally ineffective to convey title by the entirety, or any title whatsoever. Continental Oil Co. v. Walker, 238 Miss. 21, 117 So.2d 333 (1960), and Prater v. Prater, 208 Miss. 59, 43 So.2d 582 (1949).
Moreover, the alteration was inoperative under the statute of frauds inasmuch as it was not signed by Perkins if he thereby sought to convey title by the added words. The lower court concluded, however, that Perkins was estopped to deny the effectiveness of his prior actions since he "intended what he did and did what he intended, and now must abide by the consequences thereof." We are of the opinion the lower court erred in this particular.
Equitable estoppels have been and are the subject of many definitions. Their substance is the inducement of another to act to his prejudice. An estoppel by deed is depicted as a bar precluding a party from denying the truth of his deed. We stated in Cook v. Farley, 195 Miss. 638, 15 So.2d 352 (1943), that a distinct and precise assertion or admission of fact is necessary to constitute such an estoppel. Hence, an estoppel by deed or similar instrument was held to arise only where a party has conveyed a precise or definite legal estate or right by a solemn assurance *917 that he will not be permitted to vary or deny.
Assuming the accuracy of the interlineation and estopping Perkins from varying or denying it, nevertheless, the fact remains that it was ineffective to convey title from either Mrs. Fannie Perkins or son to Mrs. Kerby since it clashes with Mississippi Code Annotated section 15-3-1 (1972), the statute of frauds. Neither do we think that an estoppel may be used to supply the legal requisites of a conveyance where they have been omitted. We find Florida Bank & Trust Co. v. Field, 157 Fla. 261, 25 So.2d 663 (1946), to be persuasive on this issue. It states:
... [T]he general rule is that estoppel will not be invoked to effect a conveyance of real estate. Where the deed, contract or writing is insufficient to meet the lawful requirements for conveyances of land estoppel will not supply the legal deficiencies.... 157 Fla. at 266, 25 So.2d at 666.
We conclude that Mrs. Kerby was not entitled to the benefit of an estoppel by deed against Perkins.
However, if the estoppel be categorized differently from the foregoing, then, in our opinion, it also fails as a general equitable estoppel. In Crowe v. Fotiades, 224 Miss. 422, 80 So.2d 478 (1955), the essentials of an estoppel were stated to be:
... [C]onduct and acts, language or silence, amounting to a representation or concealment of material facts, with knowledge or imputed knowledge of such facts, with the intent that representation or silence, or concealment be relied upon, with the other party's ignorance of the true facts, and reliance to his damage upon the representation or silence... . 224 Miss. at 443-44, 80 So.2d at 486 (Emphasis added.)
Mrs. Kerby testified that she was aware of the facts relating to the alteration of the deed. Since this is true, she was not prejudiced by Perkins' later obliteration of the alteration because she had gained nothing from it and therefore had nothing to lose from its destruction. All authorities agree that the purpose of an estoppel is to afford a defense against an inequitable loss rather than to support an affirmative action for positive gain. In State v. Butler, 197 Miss. 218, 21 So.2d 650 (1945), we discussed the defensive nature of an estoppel by stating:
... The office of an estoppel is to protect a party from a loss which, but for the estoppel, he could not escape, and was never intended to work a positive gain to the party invoking the same. 197 Miss. at 229, 21 So.2d at 653.
In giving application to these rules, we first observe that Mrs. Kerby was not ignorant of the true facts and was not misled to her prejudice. We note also that she is the party complainant and as such must rely upon the strength of her own title for partition and not upon the weakness of Perkins' title thought to be occasioned by the interlineation. We conclude the trial court erred in finding Mrs. Kerby to be vested with title which was subject to partition.
Furr's contention that he is vested with a one-third remainder interest in the property of Perkins is meritorious in view of our conclusion that Mrs. Kerby has no title to the property. Perkins' deed of September 19, 1970, conveyed title to Furr, his mother and his aunt, retaining a life estate. It was a warranty deed which was properly delivered to Mrs. H.M. McCracken, one of the grantees. The delivery to a co-grantee was an effective delivery to each of them. Jones v. Hammett, 2 Miss.Dec. 265 (1881). In our opinion, Furr was vested with title by this instrument to a one-third remainder interest in the property, the subject of this suit.
Perkins now argues, however, in addition to nondelivery mentioned above, that the conveyance was in trust *918 and was to be reconveyed when requested. The evidence before us does not support this theory of trust and moreover, we think that Perkins is now estopped by his deed to vary or deny the solemn assurances of conveyance therein to Furr. Cook, supra.
We conclude that Mrs. Kerby has no interest in the property which is the subject of this suit; that title is vested in Sidney E. Perkins subject to a one-third remainder interest of Sidney T. Furr.
Reversed on the direct appeals of Perkins and Furr, and rendered.
GILLESPIE, C.J., RODGERS, P.J., and INZER, SMITH, SUGG and BROOM, JJ., concur.