855 So.2d 103 (2003)
NOR-TECH POWERBOATS, INC., a Florida corporation, and Borre Andersen, Appellants,
v.
H.P.B.C., INCORPORATED, a Florida corporation, Trond Schou, and Nils Johnsen, Appellees.
No. 2D02-1461.
District Court of Appeal of Florida, Second District.
July 2, 2003.
Rehearing Denied October 2, 2003.
*104 Stephen M. Maher, Fort Myers, for Appellants.
Michael C. Tice, Fort Myers, for Appellees.
SILBERMAN, Judge.
Nor-Tech Powerboats, Inc., and Borre Andersen (jointly referred to as the "Dealer"), appeal from the order granting a new trial to H.P.B.C., Inc., Trond Schou, and Nils Johnsen (jointly referred to as the "Manufacturer"). The Dealer argues that the trial court erred in finding that it pursued a new theory of recovery at trial that unfairly prejudiced the Manufacturer. We agree and reverse.
The Dealer sued the Manufacturer for various claims, including breach of an oral agreement. The complaint alleged that the oral agreement, which authorized the Dealer to market and sell a specified line of powerboats built by the Manufacturer, involved the same terms and conditions that were contained in an earlier written dealer agreement between Andersen and the original boatbuilder, Nordic Export, Inc. (the Nordic agreement).
At trial, Andersen testified that the Nordic agreement was terminated and replaced by the oral agreement between the Dealer and the Manufacturer. Prior to the cross-examination of Andersen, defense counsel indicated that he would conduct the cross-examination without prejudice to his requesting a motion to strike, or another motion, concerning certain of Andersen's testimony as to the "dealer agreement." Defense counsel stated that he finally understood the Dealer's case: it was either for "enforcement of an express agreement, if it exists, or reasonable value of services."[1] He stated that he anticipated the Dealer would move to amend the pleadings to conform to the evidence. The trial court responded that counsel's concern would be addressed "when it comes up."
On cross-examination, Andersen again stated that the parties were operating under an oral agreement and that the "claim was based upon the verbal agreement that we had, which followed thealong the lines of the written dealer agreement with Nordic Export, Inc." He acknowledged that the Nordic agreement may not have been properly terminated in writing, but he reiterated that the relationship between the Dealer and the Manufacturer was pursuant to the oral agreement, which included the same terms as the Nordic agreement. Another witness acknowledged that *105 the Nordic agreement had been effectively terminated.
At the conclusion of the Dealer's evidence, the Manufacturer moved for a directed verdict and argued that the Dealer's claim was for breach of an oral agreement, that the Dealer had not established the existence of an oral agreement, and that "any claim for a written contract or the dealer agreement is outside the pleadings." In response, the Dealer argued that it had proved the Nordic agreement had been terminated and a verbal agreement was entered into under the same terms that had been in the Nordic agreement. The trial court reserved ruling on the motion.
During the Manufacturer's case, Schou, president of H.P.B.C., testified that after Nordic Export decided to get out of the boat business, he, Johnsen, and Andersen reached an agreement for H.P.B.C. to manufacture the boats and for Andersen to buy the boats as an independent dealer in order to resell them. He stated that the Nordic agreement had been terminated. He also confirmed that the new agreement was verbal, but he disputed the terms of the agreement concerning compensation.
After all evidence was presented, the Dealer moved to amend the pleadings to conform to the evidence. Counsel for the Manufacturer objected to the amendment "because we did not really understand the theory of the case involving the express contract until at the virtual end of the plaintiff's [sic] case." The trial court granted the motion to amend. The Manufacturer renewed the earlier motion for directed verdict, and the trial court took that motion under advisement.
The trial court instructed the jury to determine whether a contract existed to allow the Dealer to market the boats, and if so, whether the Dealer was entitled to compensation under the terms of the contract. The jury was not asked to make any findings as to whether the agreement had been oral or written. The jury found in favor of the Dealer and determined the amount of damages.
The Manufacturer filed a motion to set aside the verdict and for judgment in accordance with the motion for directed verdict, and alternatively, it requested a new trial. The Manufacturer asserted that the Dealer abandoned the oral contract theory and instead sought to enforce a written contract, that the case was submitted to the jury on a breach of written contract claim, and that the Manufacturer had been ambushed at trial with a new, written contract theory. The trial court granted the motion for new trial and stated that there had been confusion, that the trial had been unclear, and that the Manufacturer had been at an unfair disadvantage and was unduly prejudiced.
In this appeal, the Dealer argues that the trial court erred by granting the motion for new trial because the Dealer had pleaded and proved the breach of an oral agreement. The Dealer asserts that the Nordic agreement was not the basis of the claim and that it never sought to enforce any written agreement against the Manufacturer.
A trial court has broad discretion in considering a motion for new trial, and its ruling on such a motion will not be disturbed in the absence of a clear showing of abuse. Cloud v. Fallis, 110 So.2d 669, 673 (Fla.1959); see also Allstate Ins. Co. v. Manasse, 707 So.2d 1110, 1111 (Fla.1998). However, under the circumstances before us, we conclude that the trial court abused its discretion in granting the motion for new trial.
The Dealer's evidence was consistent with its claim for breach of an oral agreement, and nothing in the record suggests *106 that the case was submitted to the jury on a claim for breach of a written agreement. The Dealer established that a written dealer agreement had existed between Andersen and Nordic Export. After Nordic Export decided to leave the boat business, the parties to the litigation reached a verbal agreement for H.P.B.C. to build boats and for the Dealer to market the boats under the same terms and conditions that had been in the Nordic agreement. The Nordic agreement was merely used as evidence of the terms of the later oral agreement.
Moreover, while there was a general request by the Dealer to amend the pleadings to conform to the evidence, the record does not reflect any change of the claim from breach of an oral agreement to breach of a written agreement. Indeed, there was no discussion as to any specific change to be made in order for the pleadings to conform to the evidence. The record also does not reveal any modification of or objection to the jury instructions or the verdict form due to the granting of the motion to amend.
Although the Manufacturer claimed that it did not understand the Dealer's theory of the case, nothing demonstrates that the jury was confused, and the record does not support the claim of ambush or a change in theory by the Dealer. See Becker v. Ziton, 167 So.2d 241, 242 (Fla. 2d DCA 1964) (affirming the granting of a new trial based on jury confusion); Staib v. Ferrari, Inc., 391 So.2d 295, 297 (Fla. 3d DCA 1980) (same). Additionally, the record does not support the trial court's reasons for granting a new trial, that the trial had been unclear or that the Manufacturer had been at an unfair disadvantage and was unduly prejudiced. As a result, the trial court abused its discretion in ordering a new trial. See Eley v. Moris, 478 So.2d 1100, 1104 (Fla. 3d DCA 1985).
Accordingly, we reverse the order granting a new trial and remand for reinstatement of the jury verdict and for entry of a final judgment consistent with that verdict.
Reversed and remanded.
ALTENBERND, C.J., and WHATLEY, J., concur.
NOTES
[1] Counsel did not indicate whether his concern as to enforcement of an express agreement related to the oral agreement or the Nordic agreement, both of which had been discussed in Andersen's testimony.