946 So.2d 1108 (2006)
H.P.B.C., INCORPORATED, a Florida corporation, Trond Schou, and Nils Johnsen, Appellants,
v.
NOR-TECH POWERBOATS, INC., a Florida corporation, and Borre Andersen, Appellees.
No. 2D05-1961.
District Court of Appeal of Florida, Second District.
December 8, 2006.
Rehearing Denied January 31, 2007.
*1109 Michael D. Allweiss of Allweiss & Allweiss, St. Petersburg, for Appellants.
Stephen M. Maher, Fort Myers, for Appellees.
VILLANTI, Judge.
H.P.B.C., Incorporated, Trond Schou, and Nils Johnson (jointly referred to as the "Manufacturer") appeal from a final judgment entered following the reinstatement of the $290,900 jury verdict in favor of Nor-Tech Powerboats, Inc., and Borre Andersen (jointly referred to as the "Dealer").[1] The underlying dispute concerns an alleged oral contract which the Dealer asserts entitles it to commission payments based on the Manufacturer's boat sales. The Manufacturer argues that the oral contract does not satisfy Florida's statutes of frauds, and therefore, the Dealer's alleged entitlement to commissions is barred. We agree and reverse.

Facts and Procedural History
The Dealer sued the Manufacturer for various theories of recovery, including breach of oral contract.[2] The alleged oral contract involved an arrangement whereby the Manufacturer authorized the Dealer to market and sell particular lines of the Manufacturer's boats, known as the "Nor-Tech 5000" and "Nor-Tech 380." The Dealer claimed that the terms of the oral contract mirrored the terms contained in an earlier written contract (the "Nordic Contract") between Andersen and the original boatbuilder, Nordic Export, Inc.
By way of background, this is the second time this matter has come before this court on appeal. See Nor-Tech Powerboats, Inc. v. H.P.B.C., Inc., 855 So.2d 103 (Fla. 2d DCA 2003) (Nor-Tech 1). In Nor-Tech 1, the Dealer appealed from an order granting a new trial to the Manufacturer *1110 after the jury found there was a breach of contract and awarded damages in favor of the Dealer. The Manufacturer argued that the Dealer submitted its case to the jury under a breach of written contract claim, although this claim was never pleaded. The trial court granted the Manufacturer's motion for a new trial, stating that there had been confusion as to which contractual theory the Dealer had submitted to the jury and that this confusion had unduly prejudiced the Manufacturer, requiring a new trial. This court then reversed the order granting a new trial.
In Nor-Tech 1, the Dealer asserted that it never sought to enforce any written agreement against the Manufacturer and that the Dealer's breach of contract claim was related to the alleged oral contract only. The Dealer argued, and this court agreed, that the Nordic Contract was used at trial merely as evidence of the terms of the subsequent oral contract between the Dealer and the Manufacturer. Id. at 106. In fact, the record in this appeal does not indicate that the Dealer ever amended its pleadings to assert a breach of written contract.
The Manufacturer now brings this second appeal on two theories. First, the Manufacturer asserts that Florida's statutes of frauds bar any claim on the oral contract.[3] Second, the Manufacturer asserts that the trial court erred by denying its motions for directed verdict after the presentation of the Dealer's evidence and at the close of the Manufacturer's case. Because we reverse based on the first theory, we need not address the second.

Analysis
Section 725.01, Florida Statutes (2005), provides:
No action shall be brought . . . upon any agreement that is not to be performed within the space of 1 year from the making thereof, . . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.
Florida's Uniform Commercial Code, section 672.201(1), Florida Statutes (2005), provides:
Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his or her authorized agent or broker.
The Nordic Contract underlying the relationship was valid by its express terms for an initial period of one year and one day, from August 1, 1994, to August 1, 1995. Shortly after the expiration[4] of the Nordic Contract, the Dealer and the Manufacturer entered into the oral contract at issue for an unspecified period of time. The Dealer admits that the parties operated under the oral contract for approximately two years before it was terminated *1111 by the Manufacturer. The Dealer also admits that it was compensated for all sales it secured prior to the alleged breach. Thus, the Dealer is seeking unpaid commission only on future sales made by the Manufacturer after the alleged breach.
"Without an agreement in writing specifying a term and then an attempted unjustified termination before that term has elapsed, moreover, [a non-breaching party] has no valid claim for future damages in lost profits under an oral contract terminable at will." Centro Nautico Representacoes Nauticas, LDA v. Int'l Marine Co-op, Ltd., 719 So.2d 967, 969 (Fla. 4th DCA 1998), quashed on other grounds, 761 So.2d 279 (Fla.1999). Centro Nautico involved a similar contractual arrangement between a boat distributor and manufacturer. As here, the oral contract had no specified duration, and the manufacturer terminated the contract after two years. Id. at 968. After finding that the manufacturer had breached the contract, the jury awarded the distributor damages based on projected future sales. Id. at 968-69. The appellate court reversed, holding that both the Uniform Commercial Code statute of frauds (applying to the sale of goods over $500) and the general statute of frauds (applying to service contracts not to be performed within one year) were implicated, thus barring the distributor's claim on the oral contract. Id. at 969. The court also held that, because the distributor's claim only sought damages related to future lost profits, the exception to the statute of frauds for goods received and accepted or goods that have been paid for was inapplicable. Id.
The Dealer characterizes the oral contract as an oral agreement in extension of the written agreement in an attempt to distinguish Centro Nautico and satisfy the statute of frauds. The Dealer argues that it satisfied the statute of frauds because the Manufacturer was in a partnership with the original boatbuilder at the time the Nordic Contract was signed.[5] This argument fails to recognize that the oral contract, although based primarily on the terms of the Nordic Contract, is an independent agreement. Nor-Tech 1, 855 So.2d at 106. This independent agreement is not in writing and is not signed by the party against whom enforcement is sought. See §§ 672.201(1), 725.01, Fla. Stat. (2005). The Dealer does not argue that any other exceptions to the statute of frauds' writing requirement apply.
The main issue in Nor-Tech 1 was whether the Dealer was suing for breach of an oral or a written contract. The Dealer prevailed in that appeal because it successfully argued that "the Nordic [Contract] was not the basis of the claim and that it never sought to enforce any written agreement against the Manufacturer." Id. at 105 (emphasis added). The Dealer cannot have its cake and eat it too by now arguing during this second appeal that the separate Nordic Contract somehow satisfies the statute of frauds requirement for the oral contract upon which it is suing. See Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA 1979) (holding that where a party had previously secured dismissal of a timely-filed action by successfully contending that the case must be submitted to mediation, party could not subsequently argue that mediation was improperly invoked and that the statute of limitations had run). However, even if this contention were available, common sense dictates that because the prior written contract antedated the oral contract, the former cannot *1112 validate the latter unless it was signed anew. "The law requires that for the memorandum to be sufficient it must satisfactorily show that a contract has actually been made." Jones v. Toms, 150 Fla. 873, 9 So.2d 96, 97 (1942) (emphasis added).
Because the oral contract in question was for the sale of goods over $500 and was not to be performed within one year, both the general and the Uniform Commercial Code statutes of frauds apply. §§ 672.201(1), 725.01, Fla. Stat. (2005). Because the Dealer failed to satisfy the requirements of either of the statutes of frauds, and because there are no applicable exceptions, the Dealer's claim for breach of oral contract must fail as a matter of law.
Accordingly, we reverse that portion of the order reinstating the jury verdict in the amount of $288,400 and remand for entry of a final judgment in favor of the Dealer regarding the remaining damages award.
Reversed and remanded.
NORTHCUTT and SALCINES, JJ., Concur.
NOTES
[1] The Manufacturer does not appeal the portion of the final judgment awarding the Dealer $2,678.50 in costs and $500 in attorney's fees as a sanction for failure to comply with certain discovery orders.
[2] The other theories for which the Dealer sought recovery were breach of warranty, temporary and permanent injunction, and quantum meruit. In addition to the $288,400 awarded for the breach of oral contract, the jury also awarded the Dealer $2500 under the breach of warranty theory. The Manufacturer does not specifically address this portion of the award in its appeal.
[3] While Nor-Tech 1 held that the Dealer based its claim on the breach of an oral contract, this court never considered or decided the validity of the oral contract during that appeal. Thus, the issue of the oral contract's validity is not barred by the law of the case. See Fla. Dep't of Transp. v. Juliano, 801 So.2d 101, 107 (Fla.2001).
[4] While there may be debate on whether the written contract was properly terminated, the Dealer is not seeking damages under the written contract and hence we need not address this issue.
[5] The validity of various assertions of assignment and binding authority to do so morphing the original contracting parties into the ultimate parties here is not addressed because our holding makes those contentions moot.